# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 39497

| | | |
|---|---|---|
| HOLLI  LUNDAHL TELFORD, | ) | Boise, February 2013 Term |
| | ) | |
| Petitioner, | ) | 2013 Opinion No.  52 |
| | ) | |
| v. | ) | Filed:  April 23, 2013 |
| | ) | |
| HON. DAVID C. NYE, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondent. | ) | |

_____

Appeal from the District Court of the Sixth Judicial District of the State of
Idaho, Oneida County.

The order of the District Court is <u>affirmed</u>.  Costs on appeal are awarded
to Respondent.

Holli Lundahl Telford, Malad City, appellant *pro se*.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.
Shasta J. Kilminster-Hadley argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

This is an appeal of an Administrative Order declaring appellant, Holli Lundahl Telford
("Telford"), a vexatious litigant pursuant to Idaho Court Administrative Rule 59. Telford appeals
the order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2011, Administrative District Judge Nye issued an Administrative Order
Declaring Vexatious Litigant ("pre-filing order"). Judge Nye issued this pre-filing order pursuant
to Idaho Court Administrative Rule 59. At the time the pre-filing order was issued, there were no
proceedings before Judge Nye to which Telford was a party. Judge Nye issued the pre-filing
order after receiving requests from several district court and magistrate judges, including District
Court Judges Naftz, Dunn, and Brown; and Magistrate Judges Laggis and Evans.

The pre-filing order declared Telford a vexatious litigant on the basis that she "has previously been declared to be a vexatious litigant by any federal court of record in any action or proceeding." Telford has been declared vexatious by Utah, Texas, the Federal Ninth Circuit Court of Appeals, the Federal District Court of Idaho, the Federal District Court of Montana,[1] and the United States Supreme Court. The pre-filing order also found Telford to be a vexatious litigant on the additional basis that she has commenced in Idaho three or more pro se litigations that were determined adversely to her in the past seven years. The pre-filing order found this requirement satisfied merely using cases filed by Telford in the Sixth Judicial District of Idaho. The pre-filing order, pursuant to Rule 59, granted Telford fourteen days in which to file a written response, at which time Judge Nye would determine whether a hearing would be necessary. Telford was served with the pre-filing order via certified mail, which was sent on October 11, 2011. On appeal, Telford maintains that she received the pre-filing order on October 14, 2011. However, Telford filed a response challenging the pre-filing order on October 13, 2011. In that response, Telford admitted to receiving the pre-filing order on October 12, 2011. Telford also attacked the merits of cases underlying the declarations of our sister jurisdictions declaring Telford vexatious.

Though not contained in the record, Telford maintains that she filed via fax a motion with the Oneida County Court clerk, Diane Skidmore, to disqualify Judge Nye on October 15, 2011. The bases for this motion were bizarre accusations against Judge Nye.[2] Telford maintains that this motion was filed by Skidmore but was "concealed" from the record in this case.

Telford also maintains that on October 19, 2011, Judge Nye "indicated in an order that he would not relinquish jurisdiction over the administrative action or continue the proceedings until [Telford's] records and computers were returned." Again, this supposed order is not contained in the record.

Telford maintains that on October 18, 2011, she filed a writ before Judge Nye "requesting an order directing the Sheriff to return her electronic and paper files concerning the lawsuits raised in [the pre-filing order]." Yet, the record indicates this writ was actually included in

---

[1] Telford maintained at oral argument that she was not declared vexatious by the Federal District Court of Montana. Whether she was or was not actually declared vexatious by Montana is ultimately of no consequence.

[2] Telford argues that Judge Nye "while a partner of Merrill and Merrill, [ ] earned a monetary interest off the corrupt obstruction of Idaho federal case . . . and from a subsequent Utah case." The bizarre allegations leveled against Judge Nye include contributing to the "unlawful false imprisonment of [Telford]"; "because he financially gained from the racketeering acts" related to an allegedly false lawsuit brought and forged by his firm; and "because he was a witness and a prospective conspirator to [a] RICO act[ ]."

Telford's response filed on October 13, 2011. Telford notes that three months prior to the pre-filing order her computer was seized by Oneida County officials involving a case concerning certain real property tax exemptions. Telford claims to have sent a "verification for this Writ Petition" to Skidmore on the night of October 19, 2011. On October 19, 2011, Judge Nye denied Telford's response. The order noted that Telford failed to raise any issues attacking the validity of the pre-filing order. The order also informed Telford that her proper course of action in challenging the bases upon which other jurisdictions issued their vexatious litigant orders was in that jurisdiction; therefore, Judge Nye declined the invitation to re-litigate those cases. Finally, the order granted Telford until October 26, 2011, to file a response adequately addressing the two grounds upon which the pre-filing order was issued.

Telford claims that on October 20, 2011, she appeared at the Oneida County Courthouse to "process" her case. Supposedly Skidmore was out until October 28, 2011, and everyone at the courthouse was ordered by Judge Nye *not* to accept her pleadings. So Telford maintains she was required to email everything to Skidmore. Telford maintains she emailed Skidmore thirteen times with her documents between October 23 and October 28, 2011.

On October 25, 2011, in a document once again not contained in the record, Telford claims that she filed "a response to ADJ Nye's statutory violation of IRCP Rule 40(d)(1) and other rules" in an email to Skidmore.

On October 27, 2011, having not received an amended response to the pre-filing order, Judge Nye entered a Declaration that Holli Lundahl Telford is a Vexatious Litgate [sic] ("vexatious litigant order"). The vexatious litigant order provided that Telford is precluded from filing any new litigation in the courts of Idaho pro se without first obtaining leave of a judge. Disobeying the order can be punished by contempt of court. Additionally, any such action may be dismissed.

On October 28, 2011, Telford arrived at the Oneida County clerk's office. Telford claims that Skidmore failed to record any of the documents that Telford emailed to her. Telford alleges that Skidmore "colluded" with Judge Nye "to obstruct the administrative proceedings, by . . . backdating an order declaring [Telford] vexatious by one day and thereby purporting to moot" the papers that Telford sought to record. Telford maintains that she had until October 28, 2011, to file her response.

### III. ISSUES ON APPEAL

3

1. Whether Telford was properly served when the pre-filing order was sent to her via certified mail.

2. Whether Telford's time to respond began running when the pre-filing order was mailed rather than when it was received.

3. Whether Judge Nye abused his discretion when he declared Telford a vexatious litigant pursuant to I.C.A.R. 59.

## IV. STANDARD OF REVIEW

A person declared a vexatious litigant by an administrative district judge may appeal the order to this Court as a matter of right. I.C.A.R. 59(f). Findings of fact will not be set aside by this Court unless clearly erroneous. I.R.C.P. 52(a).

The standard of review under which an order declaring a person to be a vexatious litigant is reviewed is an issue of first impression in Idaho. Federal courts review the order for abuse of discretion. *In re Armstrong*, 300 B.R. 799, 800 (10th Cir. 2004); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). This Court reviews other orders imposing sanctions for abuse of discretion. *E.g.*, *State Ins. Fund v. Jarolimek*, 139 Idaho 137, 138, 75 P.3d 191, 192 (2003) (applying abuse of discretion standard to sanction imposed under Rule 37(b)); *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (applying abuse of discretion standard to Rule 11 sanctions). Furthermore, Rule 59 uses discretionary language: "An administrative judge *may* find a person to be a vexatious litigant . . . ." I.C.A.R. 59(d) (emphasis added). Therefore, we hold that an abuse of discretion standard applies on review. The test for determining whether a judge abused his or her discretion is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) whether the court reached its decision by an exercise of reason. *Schmechel v. Dille*, 148 Idaho 176, 179, 219 P.3d 1192, 1195 (2009).

## V. ANALYSIS

### A. Telford waived her challenge to the adequacy of service.

Telford admits to having received service. She did not challenge the adequacy of service below, but rather she submitted to the court's jurisdiction. Though Telford maintains that service was inadequate under Rule 5 of the Idaho Rules of Civil Procedure, those rules are not applicable

4

to proceedings brought under I.C.A.R. 59. Therefore, we hold that Telford waived her challenges to the adequacy of service and voluntarily submitted to the court's jurisdiction.

**B.**     **The vexatious litigant order was not prematurely entered.**

Telford argues that the vexatious litigant order was prematurely entered before her time to respond pursuant to I.C.A.R. 59 had elapsed. She argues that she received the pre-filing order, via certified mail, on October 14, 2011. She argues that service is complete upon the delivery of the process to respondent. Thus, she claims she had until October 28, 2011, to file her response, but the vexatious litigant order was entered on October 27, 2011, before her time to respond had elapsed.

Idaho Court Administrative Rule 59(e) provides that after a judge has issued an order declaring a person a vexatious litigant, the "person who would be designated as a vexatious litigant in the proposed order shall then have fourteen (14) days to file a written response." I.C.A.R. 59(e). Regardless of whether the time to respond begins to run upon dispatch or delivery, Telford admits to receiving the pre-filing order on October 12, 2011. Thus, fourteen days after October 12, 2011, is October 26, 2011. Judge Nye granted Telford until that date to adequately respond and challenge the order. Telford filed one response, which did not challenge the pre-filing order but sought to improperly re-litigate cases finally adjudicated and determined in other jurisdictions. Judge Nye informed Telford of such and gave her until October 26, 2011, to file a response of consequence. No such response was filed.

Thus, we hold that the vexatious litigant order was not erroneously entered before Telford's time to respond had elapsed.

**C.**     **The Administrative Judge did not Abuse his Discretion in Granting the Pre-Filing Order.**

*1.     Judge Nye did not Improperly Fail to Disqualify Himself Pursuant to Rules 40(d)(1) and 40(d)(2).*

Telford maintains that she filed a motion pursuant to I.R.C.P. 40(d)(1)(E) and I.R.C.P. 40(d)(2) to disqualify Judge Nye. Telford maintains that Judge Nye ruled on this motion and failed to recuse himself. The Idaho Rules of Civil Procedure do not apply to proceedings brought pursuant to I.C.A.R. 59. Thus, Rules 40(d)(1) and 40(d)(2) do not apply. Judge Nye, therefore, had no duty to disqualify himself under these rules, and he did not abuse his discretion when he failed to do so.

*2.     I.C.A.R. 59 is not Unconstitutionally Vague.*

Telford next maintains that Rule 59 is unconstitutionally vague because "[a] reasonable person must guess as to the meaning of 'finally determined adversely to that person'" portion of the rule.

A statute denies due process of law when it is so vague that men or women of common intelligence must necessarily guess at its meaning and differ as to its application. *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 716, 791 P.2d 1285, 1295 (1990). The absence of definitions in a statute does not render a statute void for vagueness. *Id.* The test is whether undefined terms "can be interpreted as taking their ordinary, contemporary or common meaning." *Id.* at 717, 791 P.2d at 1296.

Here, Telford does not contend that the right to continue filing unmeritorious, pro se litigation documents without first seeking the leave of court is a fundamental constitutional right, nor has either this Court or the U.S. Supreme Court found this to be the case. Rule 59 permits the entry of a vexatious litigant order where the litigant has "[i]n the immediately preceding seven-year period . . . commenced, prosecuted or maintained pro se at least three litigations . . . that have been finally determined adversely to that person." I.C.A.R. 59(d)(1).

We conclude that Rule 59 is not vague. The only language that Telford points to as being vague is "finally determined adversely." *Final* is defined as "not requiring any further judicial action by the court that rendered judgment to determine the matter litigated." Black's Law Dictionary, at 705 (9th ed. 2009). This Court has on numerous occasions found an action to be "finally determined" where all of the issues are disposed of. *See, e.g.*, *Glasco v. Brassard*, 94 Idaho 162, 165, 483 P.2d 924, 927 (1971); *Farmers Equip. Co. v. Clinger*, 70 Idaho 501, 506, 222 P.2d 1077, 1080 (1950). This reasoning is consistent with Rule 54 of the Idaho Rules of Civil Procedure, which finds a judgment to be final where it is "entered on all claims for relief asserted." Clearly, an action that is finally determined will be one where all of the issues have been disposed of.

We therefore hold that the language of I.C.A.R. 59 is not unconstitutionally vague.

*3.      Telford was Afforded Adequate Due Process of Law.*

Telford next contends that she was denied adequate procedural due process protections because there was allegedly no record keeping or access to court personnel. Telford further contends that she has demonstrated that Judge Nye and court officials "concealed process," "manipulated rules," and "aborted their duties."

6

The Fourteenth Amendment of the U.S. Constitution guarantees procedural due process of law. The minimal requirements of procedural due process relate to notice and hearing in the deprivation of a significant life, liberty, or property interest. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001). "A procedural due process inquiry is focused on determining whether the procedure employed is fair." *Id.* Due process is not a rigid doctrine; rather, it calls for such procedural protections as are warranted by a particular situation. *Id.* The procedure required is merely that to ensure that a person is not arbitrarily deprived of his or her rights. *Neighbors for a Healthy Gold Fork v. Valley Cnty.*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007). The opportunity to be heard must occur at a meaningful time and in a meaningful manner. *Id.*

Assuming arguendo that Telford had a protected liberty or property interest in filing unmeritorious, pro se litigation papers without leave of court, she was granted reasonable procedural protections ensuring that her interests would not be deprived arbitrarily. She was given notice of the proposed action against her. She was given opportunity to be heard through a right to file a response within fourteen days. Telford, however, failed to adequately challenge the pre-filing order or the bases upon which it was granted within the time allowed.

We conclude that Telford was afforded adequate procedural due process of law.

4.      *Telford Fails to Raise a Cogent Argument Regarding the Alleged Violation of her Seventh Amendment Rights.*

Telford next maintains a convoluted argument that Judge Nye violated her Seventh Amendment rights to a jury by hearing this proceeding because it involved cases of alleged conspiracy on the part of the judge; so she is permitted to sue court officers under section 1983. Somehow, Telford argues this barred Judge Nye from hearing the case because he had no jurisdiction over her causes of action.

First, Telford fails to identify anywhere in the record where she requested a jury. This court, "will not consider issues raised for the first time on appeal." *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011). Therefore, Telford has not properly preserved this issue for appeal.

Second, it is true that Judge Nye had no jurisdiction over the legal causes of action that were finally determined adversely to Telford, which Telford sought to re-litigate. Below, in her response to the pre-filing order, Telford encouraged Judge Nye to assert jurisdiction over these cases and relitigate these cases on the merits. Judge Nye properly refused to do that which

7

Telford requested. When Judge Nye entered the pre-filing order, he was not asserting jurisdiction over the underlying causes of action. He was maintaining jurisdiction pursuant to I.C.A.R. 59. As already discussed, Telford advanced bizarre accusations against Judge Nye without any support in the record and without demonstrating that she actually followed proper procedure to disqualify him if any of her accusations had merit. Lastly, it is unclear how any of this relates to a right to a jury. Telford fails to cite to any authority indicating that under circumstances similar to these she was entitled to a jury.

Thus, Telford's Seventh Amendment rights were not violated.

5. *Judge Nye did not Abuse his Discretion when he Declared Telford a Vexatious Litigant Pursuant to I.C.A.R. 59(d)(1).*

Telford maintains that Judge Nye erred in granting the pre-filing order because he relied upon cases that were outside of the seven-year statutory time frame. Specifically, she notes that the Ninth Circuit vexatious litigant order was fourteen years old, the Utah judgment was nine years old, and the U.S. Supreme Court vexatious litigant order was almost eight years old.

Telford misunderstands the requirements to be declared vexatious pursuant to I.C.A.R. 59(d)(1). Idaho Court Administrative Rule 59(d)(1) provides that an administrative judge may enter an order finding a person to be a vexatious litigant if in the past seven years that person has maintained pro se at least three litigations that have been finally determined adversely to that person. I.C.A.R. 59(d)(1).

The pre-filing order cited three cases that were filed pro se by Telford in the past seven years in the Sixth Judicial District alone.[3] Therefore, there was adequate basis for Judge Nye to enter the vexatious litigant order. Telford seemingly argues that Judge Nye abused his discretion in relying on these cases because all of the cases were wrongly decided. Though Telford maintains that several of the cases cited arose from fraud and forgery, these cases have been fully disposed of. None of the cases or orders were meritoriously appealed. It is improper to re-litigate those finally determined cases that were not appealed in a separate administrative proceeding.

Thus, Judge Nye did not abuse his discretion in granting the pre-filing order pursuant to I.C.A.R. 59(d)(1).

---

[3] These cases included the following: *Lundahl v. Kirkpatricks Auto World*, Franklin County Case No. CV-2011-0000189 (dismissed on August 25, 2011); *Lundahl v. Hubbard*, Oneida County Case No. CV-2011-0000044 (dismissed on June 2, 2011); *Telford v. Evans*, Oneida County Case No. CV-2006-0000004 (dismissed on December 1, 2006).

*6.     Judge Nye did not Abuse his Discretion when he Declared Telford a Vexatious Litigant Pursuant to I.C.A.R. 59(d)(4).*

Telford devotes significant time arguing that Judge Nye abused his discretion in granting the pre-filing order pursuant to I.C.A.R. 59(d)(4) because the similar orders imposed against her in other jurisdictions all relate to one Utah case, which she claims was wrongly decided against her. Nevertheless, each of those orders declared her a vexatious litigant.

Idaho Court Administrative Rule 59(d)(4) provides that an administrative judge may declare a person to be a vexatious litigant if that person was previously declared to be a vexatious litigant "by any other state or federal court of record in any action or proceeding." I.C.A.R. 59(d)(4). There is no time limit on how old these court orders may be.

Telford first argues that the reliance on the Utah Supreme Court's vexatious litigant order, the Ninth Circuit's vexatious litigant order, and the U.S. Supreme Court's vexatious litigant order was erroneous because they were over seven years old. However, these orders relate to the Rule 59(d)(4) basis upon which the current vexatious litigant order was entered—not the Rule 59(d)(1) basis. Unlike Rule 59(d)(1), Rule 59(d)(4) does not limit the order entered by another jurisdiction to seven years.

Therefore, Judge Nye did not abuse his discretion in granting the pre-filing order pursuant to Rule 59(d)(4).

### VI. CONCLUSION

We hold that the order declaring Telford a vexatious litigant is affirmed. Costs on appeal are awarded to Respondent as the prevailing party.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR,

9