F I L E D A.M. ___ P.M.

NOV 3 0 2018

CANYON COUNTY CLERK
T. PETERSON, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

|  |  |
|---|---|
| IN RE: MOTION TO DECLARE HOLLY COOK A VEXATIOUS LITIGANT, <br><br> vs. <br><br> HOLLY ANNE COOK, <br><br> A vexatious litigant. | CASE NO. CV14-18-12466 <br><br> PROPOSED PREFILING ORDER DECLARING VEXATIOUS LITIGANT PURSUANT TO IDAHO COURT ADMINISTRATIVE RULE 59 |

This matter is before the court on a motion pursuant to Idaho Court Administrative Rule 59(d), requesting the undersigned Administrative District Judge of the Third Judicial District to determine whether Holly Anne Cook, aka Holly Harrington, aka Holly Harrington Cook, is a vexatious litigant as defined by that rule.

### Procedural History

On September 6, 2018, respondent's attorney in case no. CV-2015-8712 filed a motion and supporting declaration for an order finding appellant, Holly Anne Cook, to be a vexatious litigant under Idaho Court Administrative Rule ("I.C.A.R.") 59. No request for a hearing on this motion was made. Under I.C.A.R. 59(c), upon a motion made pursuant to the rule, all matters pertaining to the determination of a vexatious litigant are referred to the Administrative District Judge (ADJ). Thus, on September 19, 2018, the

PROPOSED PREFILING ORDER
DECLARING VEXATIOUS LITIGANT
PURSUANT TO ICAR 59

1

district judge presiding over the appeal filed an order referring the motion to the ADJ. This matter is now properly before the ADJ.

## Findings of Fact

*CV-2015-8712*

Ms. Holly Anne Cook petitioned for a divorce from Mr. Michael Bryan Cook on September 24, 2015. After a lengthy and contentious divorce, wherein Ms. Cook was pro se some of the time, the court found in favor of Mr. Michael Cook.[1] Portions of this case are currently on appeal. It is being offered (1) as a reference to understand ancillary actions brought by Ms. Cook, and (2) to show examples of vexatious litigation on matters in the case which have been finally determined. This case has perhaps the most glaring examples of vexatious litigation by Ms. Cook. They are outlined as follows:

1. On March 7, 2018, now representing herself, Ms. Cook failed to show for a pre-trial conference on her Motion for Contempt against Mr. Cook and her Petition for Divorce. The motion and petition had previously been filed by attorneys representing Ms. Cook. Ms. Cook was given notice of this date through the court's Order Setting Case and Scheduling Order filed on December 7, 2017, which had been provided to Ms. Cook's then attorney of record. Pursuant to the Idaho Rules of Family Law Procedure ("I.R.F.L.P.") 44(B)(3), the court entered an order striking the contempt documents and her petition for divorce. In this

---

[1] Ms. Cook was initially represented by George DeFord. A stipulation between Ms. Cook and Mr. DeFord for Ms. Cook to continue pro se was filed Dec. 8, 2015. On January 14, 2016, Tessa Bennett entered a Notice of Appearance to represent Ms. Cook. Ms. Bennett withdrew as attorney of record on January 26, 2017. Brian Webb entered a Notice of Appearance on behalf of Ms. Cook on February 6, 2017. He withdrew from representation on October 24, 2017. Then, Steven Meade entered a Notice of Appearance on November 8, 2017, but withdrew from representing Ms. Cook on January 10, 2018. On February 23, 2018, Ms. Cook entered a Notice of Appearance to continue pro se. From this point forward Ms. Cook has represented herself.

order, the court also stated it would enter default against the petitioner on Respondent's Answer and Counterclaim upon receipt of appropriate paperwork.

2. Thereafter, Mr. Cook filed a Notice of Intent to Take Default on March 16, 2018. Ms. Cook filed an Objection to the Order Striking Petitioner's Pleadings on March 19, 2018. Ms. Cook also filed an Objection to Respondent's Notice of Intent to take Default on March 19, 2018. Ms. Cook then filed a Motion for Order Shortening Time and Motion for Order Staying Proceedings on March 20, 2018. Ms. Cook's Order to Shorten Time was denied. Ms. Cook's objections were set for hearing on May 10, 2018, at which time the Court denied her objections.

3. On March 27, 2018, Ms. Cook filed a Motion and Supporting Memorandum to Strike Notice of Attorney Fee Lien and Deny Judgment. On March 29, 2018, the Court denied Ms. Cook's Motion to Strike and Supporting Memorandum.

4. On January 23, 2017, Mr. Cook filed a contempt action against Ms. Cook alleging that on nine separate occasions she had refused to allow Mr. Cook visitation with his children. A trial was held on April 4, 2018, wherein Ms. Cook was found guilty of all nine counts of contempt. An order to this affect was entered on April 23, 2018, and is now on appeal.

5. A Status Conference and Sentencing on the Contempt were held on April 9, 2018, at which time Ms. Cook did not appear, despite having been in court when the sentencing date was scheduled.

6. A Court Trial was also held on April 9, 2018, pertaining to the modification case, at which time Ms. Cook did not appear at trial. Ms. Cook was given notice of this

date through the court's Order Setting Case and Scheduling Order filed on December 7, 2017, which was provided to her attorney of record at the time.

7. On April 10, 2018, Ms. Cook filed a motion and supporting affidavit to disqualify Judge DeMeyer after the trial had already occurred. Ms. Cook filed a Motion to Reset Trial and Request for Scheduling Order and Supporting Affidavit on April 16, 2018. The Court denied Ms. Cook's Motion to Disqualify and Motion to Reset Trial on April 17, 2018. Despite her motions being denied, Ms. Cook filed a Motion to Rule on the Motion to Disqualify for Cause and Request for Scheduling Conference on April 30, 2018. On April 30, 2018, Ms. Cook also filed a Motion to Reconsider and Reset Hearings. Ms. Cook then filed a proposed Order Shortening Time and Order Staying Further Proceedings or Judgments on May 1, 2018. This filing was related to her Motion to Disqualify for Cause and Request for Scheduling Conference previously filed on April 10, 2018 and April 16, 2018, respectively. On May 1, 2018, the Court, denied the proposed order. On April 18, 2018, Ms. Cook filed a motion for New Trial on Contempt and Motion to Extend Time to Serve Affidavits and Amended Motion for New Trial. The Court denied her motions and signed the Contempt Order shortly thereafter.

8. On April 27, 2018 the Court signed the parties' Judgment and Decree of Divorce. This is currently pending appeal.

9. On April 27, 2018 Ms. Cook filed an Ex-Parte Motion to Strike Orders. The Court denied Ms. Cook's proposed Order Striking Orders of the Court Entered on April 17, April 23, and April 27, 2018. The order denying Ms. Cook's proposed order was entered on May 1, 2018. This order is currently pending appeal.

10. On May 2, 2018, Ms. Cook filed a Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23 and April 27, 2018. At a hearing held on May 10, 2018, Ms. Cook made objections to the Notice of Default and the Order Striking. These motions were denied. The denial of these objections is pending appeal.

11. Ms. Cook filed an Ex-Parte Motion for Temporary Custody and supporting Affidavit on May 11, 2018. Ms. Cook also filed a Motion to Shorten Time to be heard which was denied. Thereafter, the Court denied this motion on May 16, 2018. On June 13, 2018 Ms. Cook filed a Notice to Vacate and Reset. No Motion or Supporting Affidavit was ever filed, and a hearing was never noticed up.

12. Ms. Cook then filed a Notice of Appeal on June 5, 2018. This appeal is still pending. In the appeal, Ms. Cook listed the following pleadings that she was appealing:

    a. Judgment of Conviction entered April 23, 2018.[2]

    b. Order Re: Contempt ordered on April 23, 2018.[3]

    c. Order of Award of Attorney's Fees and Costs, entered May 16, 2018.

    d. Order Striking Orders of the Court Entered on April 17, 2018, April 23, 2018 and April 27, 2018, which were denied on May 1, 2018.

    e. Oral Ruling on Ms. Cook's Objection to Order Striking Petitioner's Pleadings pursuant to I.R.F.L.P. 444(8)(3), entered on March 16, 2018.

---

[2] This Judgment is appealed one (1) day too late, as a party is permitted to appeal a Judgment within forty-two (42) days from the date the Judgment, Order or Decree was entered. *See* I.R.C.P. 83(b)(a)(A) (referenced in I.R.F.L.P. 823).
[3] This order was appealed one (1) day too late. *Id.*

PROPOSED PREFILING ORDER                    5
DECLARING VEXATIOUS LITIGANT
PURSUANT TO ICAR 59

13. Mr. Cook was awarded attorney fees after the contempt proceeding. An order and judgment was entered on May 16, 2018, and May 18, 2018, respectively. On June 11, 2018, Ms. Cook filed an objection and motion to strike, which was denied by the magistrate. The order on attorney fees is currently pending appeal, but the judgment is not.

14. Ms. Cook filed a Motion to Extend Time for Briefing Period on June 13, 2018. In this motion she mentions the Judgment and Decree of Divorce but had not yet appealed the Judgment and Decree of Divorce.

15. Ms. Cook filed another Notice of Appeal on June 13, 2018, listing the Judgment and Decree of Divorce entered on April 27, 2018.[4] This appeal is still pending.[5]

16. On July 6, 2018, Ms. Cook filed an Ex-Parte Motion for Temporary Orders. Ms. Cook set this for hearing on July 12, 2018. Thereafter, Ms. Cook filed a Notice to appear telephonically which was denied. Ms. Cook then attempted to Shorten Time which the Court denied and vacated the hearing. The Ex-Parte Motion was never reset for hearing.

17. On July 6, 2018, Ms. Cook also filed a notice of hearing on the following motions: 1) Verified Motion for Possession of Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance; 2) Motion to Compel and Motion for Sanctions; 3) Motion to Reconsider and Reset Hearings; 4) Motion for Civil Judgment; 5) Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23rd and April 27th; 6) Objection

---

[4] The deadline for filing an appeal on the Divorce Decree was June 8, 2018. This figure is based on the 42 day timeframe specified in I.R.C.P. 83(b)(a)(A) as referenced in I.R.F.L.P. 823.

[5] Ms. Cook has filed two separate Notices of Appeal. Whether her issues are appealable and have been filed in the correct time frame has yet to be ruled upon by the district judge handling the appeal.

and Motion to Strike. All of these Motions listed above were addressed prior to the Court entering the parties' Divorce Decree on April 27, 2018. Ms. Cook filed a Notice of Vacated Hearing on July 25, 2018.

18. Ms. Cook then filed another Notice of Hearing on July 25, 2018, and re-noticed up the following Motions: 1) Verified Motion for Possession of Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance; 2) Motion to Compel and Motion for Sanctions; 3) Motion for Civil Judgment. The hearing was originally set for August 23, 2018; however, Ms. Cook vacated the hearing on August 21, 2018 by way of Notice.

19. On August 10, 2018, Ms. Cook filed an Amended Notice of Hearing so that "all of the matters are now combined to be heard in one hearing rather than two." In the Amended Notice of Hearing, the petitioner lists:

   a. Ex-Parte Verified Motion for Temporary Orders,

   b. Motion to Compel and Motion for Sanctions;

   c. Motion for Civil Judgment;

   d. Motion to Reconsider and Reset Hearings,

   e. Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23 and April 27, 2018;

   f. Objection and Motion to Strike,

   g. Verified Motion for Possession of Community Property Home for Sole Authority to Sell Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance.

On August 21, 2018, Ms. Cook vacated this hearing, pending action by a higher court. It is unclear what Ms. Cook meant by "shall be addressed following orders of the higher court," as none of these motions or objections are pending appeal.

20. Finally, on August 30, 2018, Ms. Cook filed a Verified Petition to Modify Custody and Child Support, along with a Notice of Hearing.[6] The hearing was set for October 4, 2018. This was continued to December 6, 2018, pending the ADJ determination of a vexatious litigant.

*Other Proceedings Initiated By Ms. Cook*

Ms. Cook has filed pro se several civil protection orders under I.C. § 39-6304, I.C. § 39-6306, and I.C. § 18-7907. All have been dismissed in the respondent's favor.

1. CV-2015-7939

   a. Ms. Cook filed a protection order against Mr. Cook on August 31, 2015.
   b. It was dismissed on September 24, 2015.

2. CV-2015-11134

   a. Ms. Cook filed a protection order against Mr. Cook on December 8, 2015.
   b. It was dismissed on December 15, 2015.

3. CV-2016-4736

   a. Ms. Cook filed a protection order against Vianey Coronado Lopez on May 19, 2016.
   b. It was dismissed on May 19, 2016.

4. CV-2016-4737

   a. Ms. Cook filed a protection order against Mr. Cook on May 19, 2016.
   b. It was dismissed on May 19, 2016.

---

[6] It is yet to be determined by a magistrate if the Verified Petition to Modify Custody and Child Support should proceed due to a current appeal pending and Ms. Cook trying to get the Judgment and Decree of Divorce set aside.

PROPOSED PREFILING ORDER                    8
DECLARING VEXATIOUS LITIGANT
PURSUANT TO ICAR 59

5. CV-2016-6490[7]

    a. Ms. Cook filed a protection order against Mr. Cook on July 12, 2016.
    b. It was dismissed on August 8, 2016.

6. CV-2016-12044

    a. Ms. Cook filed a protection order against Vianey Coronado Lopez on December 7, 2016.
    b. It was dismissed on December 7, 2016.

7. CV-2016-12045

    a. Ms. Cook filed a protection order against Mr. Cook on December 7, 2016.
    b. It was dismissed on January 3, 2017.

8. CV-2017-9520

    a. Ms. Cook filed a protection order against Vianey Coronado Lopez on September 1, 2017.
    b. It was dismissed on September 12, 2017.

9. CV01-16-22222

    a. Ms. Cook filed a protection order against Svetlana Semanko on December 6, 2016.
    b. It was dismissed on December 21, 2016.

10. CV14-17-11343

    a. Ms. Cook filed a protection order against Mr. Cook on October 19, 2017.
    b. It was dismissed on December 13, 2017.

<u>Conclusions of Law</u>

Proceedings over the declaring of a vexatious litigant are governed by I.C.A.R. 59. As stated previously, this matter is properly before the court. *See* I.C.A.R. 59(c) ("A district judge or magistrate judge may, on the judge's own motion or the motion of any party, refer the consideration of whether to enter such an order to the administrative judge.") I.C.A.R. 59 further states that:

---

[7] Ms. Cook was represented by counsel on this petition; and therefore, it will not be used in the vexatious

[a]n administrative judge may find a person to be a vexatious litigant based on a finding that a person has done any of the following:

(1) In the immediately preceding seven-year period the person has commenced, prosecuted or maintained pro se at least three litigations, other than in the small claims department of the magistrate division, that have been finally determined adversely to that person.

(2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, pro se, either

    (A) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or

    (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

I.C.A.R. 59(d).

An ADJ's findings regarding whether a particular litigant is or is not a vexatious litigant is a matter that is within that judge's discretion. *Telford v. Nye*, 154 Idaho 606, 611, 301 P. 3d 264, 269 (Idaho 2013) ("Rule 59 uses discretionary language: Therefore, we hold that an abuse of discretion standard applies on review.").

If this court is satisfied that one or more of those criteria are present, the court is empowered to "enter a prefiling order prohibiting a vexatious litigant from filing any new litigation in the courts of this state pro se without first obtaining leave of a judge of the court where the litigation is proposed to be filed." I.C.A.R. 59(c). Additionally, I.C.A.R. 59 provides a set of specific steps that must be followed if the court finds that there is a basis to conclude that a person is a vexatious litigant and that a prefiling order should be issued:

litigant analysis below.
PROPOSED PREFILING ORDER
DECLARING VEXATIOUS LITIGANT     10
PURSUANT TO ICAR 59

...the administrative district judge shall issue a proposed prefiling order along with the proposed findings supporting the issuance of the prefiling order. The person who would be designated as a vexatious litigant in the proposed order shall then have fourteen (14) days to file a written response to the proposed order and findings. If a response is filed, the administrative district judge may, in his or her discretion, grant a hearing on the proposed order. If no response is filed within fourteen (14) days, or if the administrative district judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the administrative district judge may issue the prefiling order.

I.C.A.R. 59(e).

The court now addresses the litigation discussed above as they relate to I.C.A.R. 59(d)(1-3). Since some of her motions are on appeal, those are not finally determined; therefore, the merits of those will not be used in the determination of a vexatious litigant.

*I.C.A.R. 59(d)(1)*

I.C.A.R. 59(d)(1), as recited above, permits this court to find a person to be a vexatious litigant where that person has commenced or maintained three (3) pro se litigations within the past seven (7) years that have been finally determined adversely to that person. In the last seven years, Ms. Cook has initiated ten (10) pro se actions, often against the same two people, which have been finally determined against her. Those cases are CV-2015-7939; CV-2015-11134; CV-2016-4736; CV-2016-4737; CV-2016-12044; CV-2016-12045; CV-2017-9520; CV01-16-22222; and CV14-17-11343. The majority of these actions were brought against Ms. Cook's ex-husband and what appears to be his significant other. They were brought during the entirety of the couple's divorce proceedings. Based on these nine (9) actions the court finds that Ms. Cook is a vexatious litigate under I.C.A.R. 59(d)(1). Having found Ms. Cook a vexatious litigant under I.C.A.R. 59(d)(1), the court could end its analysis. In the interest of thoroughness, the court will continue by analyzing the other three factors.

*I.C.A.R. 59(d)(2)*

I.C.A.R. 59(d)(2) permits a court to find a person to be a vexatious litigant where that person has, in effect, sought to repeatedly re-litigate a final determination made against that person. She has tried to relitigate issues by refiling objections and motions already decided by the court. This is most apparent in her July 6, 2018 and July 25, 2018 filings in case number CV-2015-8712.[8] As pointed out by Mr. Cook's counsel, "this appears to be a clear attempt to relitigate the issues that have already been decided."[9]

Based on the foregoing the court concludes that the record in these matters clearly supports a finding that Ms. Cook is a vexatious litigant pursuant to I.C.A.R. 59(d)(2).

*I.C.A.R. 59(d)(3)*

As for the third qualifying category, there are several matters that potentially meet the criteria.

I.C.A.R. 59(d)(3) permits a court to make a vexatious litigant finding where a pro se litigant has "repeatedly file[d] unmeritorious motions, pleadings, or other papers, conduct[ed] unnecessary discovery, or engage[d] in other tactics that are frivolous or solely intended to cause unnecessary delay." There are several examples in CV-2015-8712 that fall into this category.

The record in CV-2015-8712 clearly supports a finding that Ms. Cook has "repeatedly file[d] unmeritorious motions, pleadings or other papers[.]" I.C.A.R. 59(d)(3). Though Ms. Cook was represented by counsel at various points during the course of the proceedings conducted in this case, whenever Ms. Cook preceded pro se,

---

[8] *See* Findings of Fact numbers 16, 17, 18, and 19.
[9] Declaration of Dan R. Hardee in Support of Motion for Prefiling Order, pg. 5.

PROPOSED PREFILING ORDER                    12
DECLARING VEXATIOUS LITIGANT
PURSUANT TO ICAR 59

she filed numerous unmeritorious motions. As of March of 2018, Ms. Cook has continued pro see in this matter and an uptick of frivolous motions has been filed. *See infra* Findings of Fact numbers 16, 17, 18, and 19.

First, Ms. Cook has failed to appear for several hearings pertaining to the divorce proceeding she initiated. She failed to show for the pretrial conference on March 7, 2018. She also failed to appear for the court trial regarding her request for custody modification and sentencing on contempt on April 9, 2018. Second, Ms. Cook has engaged in tactics solely intended to cause unnecessary delay by filing frivolous motions and objections and then vacating hearings never to reset them. This is evidenced by findings of fact numbers 12, 16, 18 and 20. As discussed above, Ms. Cook has also attempted to relitigate several issues that have been finally determined.[10] Lastly, Ms. Cook often missed filing deadlines. *See infra* Findings of Fact numbers 12 and 15.

In addition, the consistent filings of unsuccessful protection orders while the underlying divorce worked its way through the judicial process falls into the category of frivolous motions. In light of the foregoing, the court, in an exercise of discretion, concludes that Holly Anne Cook is a vexatious litigant pursuant to I.C.A.R. 59(d)(3).

*I.C.A.R. 59(d)(4)*

Pursuant to I.C.A.R. 59(d)(4), the court can find someone a vexatious litigant if they "[have] previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding." The court has done a search in California, Nevada, and Idaho. It appears Ms. Cook has not been declared a vexatious litigant in any of these courts. Ms. Cook is also a previous resident of Fort Collins, Colorado. The court

---

[10] *See* Findings of Fact numbers 16, 17, 18, and 19.

PROPOSED PREFILING ORDER      13
DECLARING VEXATIOUS LITIGANT
PURSUANT TO ICAR 59

has not been able to determine if she was ever declared a vexatious litigant there. Upon this information, the court finds that I.C.A.R. 59(d)(4) does not apply.

## Conclusion and Order

The undersigned Administrative District Judge finds that there is a basis to conclude that Holly Anne Cook is a vexatious litigant as defined by I.C.A.R. 59d(1-3) and that a prefiling order should be entered against her pursuant to I.C.A.R. 59(c), (d) and (e). The final order will include the following language, "The undersigned Administrative District Judge finds that Holly Anne Cook is a vexatious litigant as defined in I.C.A.R. 59. Holly Anne Cook is prohibited from filing any new litigation in this state pro se without first obtaining leave of the court where the litigation is proposed to be filed."

Holly Anne Cook shall have fourteen (14) days from the entry of this order to file a written response to the proposed findings of fact, conclusions of law, and proposed order. If no response is filed within fourteen (14) days, or if the undersigned Administrative District Judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the undersigned Administrative Judge may issue the order.

Dated this 30th day of November, 2018

Susan E. Wiebe
District Judge

PROPOSED PREFILING ORDER
DECLARING VEXATIOUS LITIGANT       14
PURSUANT TO ICAR 59

## CLERK'S CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of November, 2018, I caused to be served a true and correct copy of the foregoing order by the method indicated below, and addressed to the following persons:

Dan Hardee
Attorney for Michael Bryan Cook
Marcus, Christian, Hardee & Davies
737 North 7th Street
Boise, Idaho 83702
208-342-3563
ecourtdocs@mch-lawyer.com

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile
☐ Overnight Mail
☒ E-Mail


Holly Anne Cook, pro se
P.O. Box 174
Caldwell, Idaho 83606-0174

☒ U.S. Mail
☐ Hand Delivered
☐ Facsimile
☐ Overnight Mail
☐ E-Mail


Tara Hill
Administrative Assistant for Trial Court
Administrator
Canyon County Courthouse
1115 Albany Street
Caldwell, Idaho 83605

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile
☐ Overnight Mail
☒ E-Mail