**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 45459**

| | | |
|---|---|---|
| In Re:  PREFILING ORDER DECLARING VEXATIOUS LITIGANT, PURSUANT TO I.C.A.R. 59. | ) ) ) ) | **Boise, December 2018 Term** |
| -------------------------------------------------------- RONALD L. VAN HOOK, | ) ) | **Filed: January 29, 2019** |
| Vexatious Litigant-Appellant. | ) ) ) ) | **Karel A. Lehrman, Clerk** |
| _____ | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

The prefiling order declaring Van Hook a vexatious litigant is <u>affirmed</u>.

Ronald Van Hook, Payette, appellant pro se argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Nicholas A. Warden argued.

_____

PER CURIAM.

This appeal arises from an administrative order declaring Ronald Van Hook a vexatious litigant under Idaho Court Administrative Rule 59. Van Hook appealed. We now affirm, holding that there was no abuse of discretion when the administrative district judge found Van Hook to be a vexatious litigant.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case began as a highly contentious divorce proceeding between Van Hook and his then-wife Dawn Cannon, in which Van Hook lost custody of his children (hereinafter the Canyon County divorce case). Van Hook was represented by legal counsel only for portions of the divorce proceeding as each of his attorneys withdrew from the case. Following each attorney's departure, Van Hook filed a new series of pro se motions and objections before the court. These motions were similar and repetitive. Van Hook filed numerous motions to amend the magistrate court's temporary custody and visitation orders, disqualify the magistrate judge assigned to the case, change venue, and find Cannon in criminal contempt. He also filed multiple

1

petitions for a writ of habeas corpus. His pro se motions and petitions were continuously denied and largely found to be frivolous. When Van Hook appealed the Canyon County divorce case, the district court found Van Hook's motion to recuse the magistrate judge frivolous, and that his appeal was also without foundation.

In addition to the divorce proceeding, Van Hook commenced several other lawsuits against Cannon, or for custody between 2014 and 2017: five in Canyon County, one in Owyhee County, and one in Adams County. Ultimately, five of these cases resulted in dismissal or were denied outright—two of them on the same day they were filed. Another case granted Van Hook's petition seeking a writ of habeas corpus in Adam's County, and was later dismissed there. The seventh case was pending at the time of this appeal, and has since been dismissed.

On April 27, 2017, the magistrate court, acting in response to a motion filed by Cannon's attorney in the Canyon County divorce case, issued a written Order for Referral requesting that the administrative district judge of Idaho's Third Judicial District determine whether Van Hook should be declared a vexatious litigant pursuant to Idaho Court Administrative Rule 59. The administrative district judge then entered an order to open a new file concerning the matter.

On June 2, 2017, the administrative district judge filed a proposed prefiling order, to which Van Hook filed a response and opposition. Following a hearing, the administrative district judge issued an order on September 20, 2017, declaring that Van Hook was a vexatious litigant under multiple prongs of Idaho Court Administrative Rule 59(d) and requiring him to seek court permission prior to filing any new litigation in the courts pro se without first obtaining leave of a judge where the litigation is proposed to be filed. Van Hook appealed the order to this Court. We affirm the administrative district judge's determination.

## II.     STANDARD OF REVIEW

"A prefiling order entered by an administrative district judge designating a person as a vexatious litigant may be appealed to the Supreme Court by such person as a matter of right." I.C.A.R. 59(f). On review of the prefiling order, this Court applies an abuse of discretion standard. *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013). The Court reviews an alleged abuse of discretion by determining whether the trial court "(1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195

2

(2018). In addition, this Court will not set aside factual findings unless clearly erroneous. *Telford*, 154 Idaho at 609, 301 P.3d at 267. Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. *Hull v. Giesler*, 163 Idaho 247, 409 P.3d 827, 830 (2018).

## III. ANALYSIS

### A. The administrative district judge did not abuse his discretion when he declared Van Hook a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d).

While Van Hook's briefing can be difficult to follow, it appears that he is attacking the administrate district judge's analysis and final determination that Van Hook satisfied the criteria of a vexatious litigant under Idaho Court Administrative Rule 59. Essentially, Van Hook contends that the judge failed to act consistently with applicable legal standards. We affirm the prefiling order because the administrative district judge correctly applied the Rule 59 criteria in finding Van Hook a vexatious litigant. There was no abuse of discretion.

In order to determine whether a party is a vexatious litigant, a district judge or magistrate judge must refer the matter to an administrative district judge for consideration. I.C.A.R. 59(c). Idaho Court Administrative Rule 59(d) provides four separate bases upon which a person can be declared a vexatious litigant.

- First, a judge may find a person is a vexatious litigant where "the person has commenced, prosecuted or maintained pro se at least three litigations… that have been finally determined adversely to that person" within the last seven years. I.C.A.R. 59(d)(1).

- Second, where "the person has repeatedly relitigated or attempted to relitigate, pro se," either the validity of the final determinations or "the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant … as to whom the litigation was finally determined." I.C.A.R. 59(d)(2).

- Third, where, "[i]n any litigation while acting pro se, [he] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." I.C.A.R. 59(d)(3).

3

- Fourth, where he has "previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding." I.C.A.R. 59(d)(4).

If a pro se litigant meets one of these criteria, the administrative district judge has the discretion to find him a vexatious litigant. I.C.A.R. 59(d). Upon that finding, the administrative district judge may issue a prefiling order, which "prohibit[s] a vexatious litigant from filing any new litigation in the courts of this state pro se without first obtaining leave of a judge of the court where the litigation is proposed to be filed." I.C.A.R. 59(c).

### 1. Van Hook meets I.C.A.R. 59(d)(1) because he commenced more than three pro se litigations that were adversely determined against him.

The administrative district judge determined Van Hook met Rule 59(d)(1) because he filed more than three separate pro se lawsuits within the last seven years, each of which the courts dismissed and several of which Van Hook did not appeal. This number, the administrative district judge noted, was met even without considering the Canyon County divorce case which was pending at the time of the vexatious litigant decision because of its appeal to this Court. Van Hook contends that this determination was in error, arguing the lawsuits he filed were not final because the courts failed to meet the requirements of due process and equal protection. These constitutional violations occurred, he argues, because the judges assigned to the cases failed to grant his motions for the issuance of civil protection orders.

Idaho Court Administrative Rule 59(d)(2) permits the administrative district judge to find a person is a vexatious litigant where, "[i]n the immediately preceding seven-year period the person has commenced, prosecuted or maintained pro se at least three litigations, other than in the small claims department of the magistrate division, that have been finally determined adversely to that person." Rule 59 defines the term "litigation" as: "any civil action or proceeding, and includes any appeal from an administrative agency, any appeal from the small claims department of the magistrate division, any appeal from the magistrate division to the district court, and any appeal to the Supreme Court." I.C.A.R. 59(b).

In addition to the Canyon County divorce case against Cannon, Van Hook commenced seven other pro se lawsuits in the last four years across three counties. Each case was either a proceeding against Cannon or concerned custody of their children. As determined by the administrative district judge, at least five cases were determined adversely to Van Hook within the last four years because they were dismissed or denied outright. Three Canyon County cases

4

were filed and dismissed in 2014, an Owyhee County case was filed and denied in 2015, and the 2017 Adams County case was also dismissed. Van Hook did not appeal these decisions, so they were final, adverse determinations against him. Van Hook's contentions over constitutional violations do not alter this conclusion. Rather, Van Hook should have raised his due process and equal protection concerns in the litigations where he alleges the violations occurred. Raising these issues for the first time on appeal in a vexatious litigant case bars them from consideration. *Telford v. Nye*, 154 Idaho 606, 611–12, 301 P.3d 264, 269–70 (2013) (citation omitted). Accordingly, the administrative district judge correctly applied the law when he determined that Van Hook commenced "at least three litigations… that have been finally determined adversely to [him]" within the statutory timeframe. I.C.A.R. 59(d)(1).

### 2. Van Hook meets I.C.A.R. 59(d)(2) because he repeatedly attempted to relitigate the final divorce and custody determinations by the magistrate court.

Van Hook next contends that he was "persistent," but had reasonable grounds for each of his arguments. The administrative district judge disagreed, and found that most of Van Hook's motions and filings constituted collateral attacks on the magistrate court's final custody and divorce determinations in the Canyon County divorce case.

Idaho Court Administrative Rule 59(d)(2) permits the administrative district judge to find a vexatious litigant where:

> After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, pro se, either (A) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

Van Hook's separate lawsuits effectively sought to re-litigate the magistrate court's final orders by seeking to change the custody arrangements. Every motion or complaint filed by Van Hook concerned the custody of his children and divorce from Cannon, with Van Hook consistently trying to reacquire the custody rights he lost. For example, Van Hook repeatedly filed motions to amend the custody and restraining orders to gain access to his children. Similarly, a writ of habeas corpus, or a writ of mandamus, would have reversed the magistrate court's final orders by ordering Cannon to surrender the children to Van Hook's custody. Essentially, Van Hook sought the same relief before multiple courts and through a variety of legal avenues, as attempts to repeatedly re-litigate the final custody decree. Therefore, the

5

administrative district judge correctly applied the law when he determined that Van Hook qualifies as a vexatious litigant under Idaho Court Administrative Rule 59(d)(2) as well.

### 3. Van Hook meets I.C.A.R. 59(d)(3) because he repeatedly filed frivolous motions and pleadings.

Van Hook next contends he had reasonable grounds for his arguments, even though the administrative district judge found Van Hook's pro se motions unmeritorious and frivolous. Idaho Court Administrative Rule 59(d)(3) permits the administrative district judge to find a vexatious litigant where the petitioner, "In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

Van Hook's defense of reasonable grounds contrasts starkly with his numerous similar filings, as well as his use of repetitive, unfounded arguments. For example, in the Canyon County divorce case Van Hook filed four motions to recuse, disqualify, or dismiss the magistrate judge, each filed soon after the previous motion failed. He also filed a new series of pro se motions after each of his attorneys withdrew from the case, in an attempt to change the venue, amend the custody orders, and find Cannon in criminal contempt. These were all dismissed and found frivolous. Likewise, Van Hook's appeal to recuse the magistrate judge was also held to be frivolous. These continuous, similar motions and filings indicate Van Hook wanted to repeatedly pursue each issue until he won. Moreover, these numerous unmeritorious filings caused unnecessary delay to the court and parties. Therefore, the administrative district judge correctly applied the law when he determined that Van Hook also qualifies as a vexatious litigant under Idaho Court Administrative Rule 59(d)(3).

### B. The magistrate court had jurisdiction to refer the consideration of whether Van Hook was a vexatious litigant to an administrative district judge.

Van Hook argues that the magistrate court lacked jurisdiction to refer the vexatious litigant consideration to an administrative district judge because Van Hook appealed the magistrate's custody determinations in the Canyon County divorce case to the Idaho Supreme Court. He filed a notice of appeal to the Supreme Court on April 3, 2017, while the magistrate issued the Order for Referral on April 27, 2017—24 days later. Because Idaho Appellate Rule 13 automatically stays civil actions upon the filing of a notice of appeal, Van Hook argues the magistrate lacked jurisdiction to make the referral while his appeal was pending. We disagree.

6

In determining whether a party is a vexatious litigant, a district judge or magistrate judge first refers the matter to an administrative district judge for consideration. I.C.A.R. 59(c). Rule 59 requires the administrative district judge to do a thorough examination of all the pro se litigant's litigations and conduct within those litigations. *See generally* I.C.A.R. 59.

Van Hook's appeal did not prevent the magistrate court from referring the matter to the administrative district judge, because a new case needed to be opened. *Telford*, 154 Idaho at 610, 301 P.3d at 268. When he received the referral in this case, the administrative district judge created a separate case, designated as CV-2017-3444. While the referral initially arose out of the Canyon County divorce case, Rule 59 required the administrative district judge to examine Van Hook's multiple litigations filed across several counties and his conduct as a pro se litigant within those litigations to find Van Hook was a vexatious litigant. The administrative district judge's decision to separate the vexatious litigant issues from the Canyon County divorce case not only aided administrative efficiency by eliminating confusion with other pleadings, it protected Van Hook by keeping the vexatious litigant consideration from prejudicing his domestic relations proceedings. By sending the query to an administrative district judge, a new, neutral decision maker examined Van Hook's record and litigation history as a whole. Rule 59(f) even gave Van Hook the right to appeal directly to this Court from the administrative district judge's determination, to ensure his case received appellate review.

Ultimately, Rule 59(c) gave the magistrate court the authority to refer the vexatious litigant matter to the administrative district judge, so that this process could be separated from other proceedings. Van Hook's appeal of issues relating to a separate case file did not stay the Rule 59 proceedings. To hold otherwise would permit a vexatious litigant to dodge Rule 59 proceedings simply by filing frivolous appeals.

## C. Van Hook's remaining arguments were not preserved for appeal, nor did they meet the requirements of Idaho Appellate Rule 35(a)(6).

Van Hook next proceeds to invoke the due process clauses of the Fifth and Fourteenth Amendments, the Fourteenth Amendment's Equal Protection Clause, and the Seventh Amendment of the U.S. Constitution because he did not receive a jury trial. He also argues that the District Court failed to speedily administer justice in February 2017, that the Idaho Court Administrative Rules are not laws and should not have been applied by the District Court, that the administrative district judge's statement of facts section constituted libel, and the final divorce and custody decrees were arbitrary and capricious. However, this Court "will not

7

consider issues raised for the first time on appeal." *Telford*, 154 Idaho at 611–12, 301 P.3d at 269–70 (citation omitted). Having not raised these arguments with the administrative district judge, Van Hook cannot raise them for the first time on appeal before this Court. Likewise, the divorce decree and custody orders remain in a separate case file and are not before us. Therefore, we will not consider Van Hook's new arguments brought on appeal.

## IV. CONCLUSION

In light of the foregoing, we affirm the prefiling order declaring Van Hook a vexatious litigant.