## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 46732

|  |  |  |
|---|---|---|
| In Re:  Holly Anne Cook, a Vexatious Litigant, Pursuant to I.C.A.R. 59. | ) ) | |
| ------------------------------------------------- | ) | |
| HOLLY ANNE COOK, | ) ) | |
| Vexatious Litigant-Appellant, | ) ) | Boise, May 2020 Term |
| v. | ) ) | Opinion Filed: February 10, 2021 |
| HONORABLE SUSAN E. WIEBE, Administrative District Judge, Third Judicial District, | ) ) ) | Melanie Gagnepain, Clerk |
| Respondent. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Susan E. Wiebe, District Judge.

The order of the district court is <u>reversed and remanded for further proceedings.</u>

Holly Anne Cook, Boise, Pro Se.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Dayton P. Reed argued.

---

BURDICK, Justice.

This is a vexatious litigant case. Holly Anne Cook appeals an administrative order entered by the Administrative District Judge ("ADJ") for the Third Judicial District declaring her to be a vexatious litigant pursuant to Idaho Court Administrative Rule 59. The order prohibits Ms. Cook from filing any new litigation pro se in Idaho without first obtaining leave of the court where the litigation is proposed to be filed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Cook petitioned for a divorce from her husband ("Mr. Cook") on September 24, 2015. During the lengthy and contentious divorce proceedings, Ms. Cook had assistance of

1

counsel for portions of the proceedings, but represented herself pro se when she did not. Some aspects of the divorce proceedings were appealed to the district court. On September 6, 2018, Mr. Cook filed a motion and supporting declaration in connection with the appeal requesting that Ms. Cook be declared a vexatious litigant under Idaho Court Administrative Rule 59 and a prefiling order be entered against her. Neither party requested a hearing on Mr. Cook's motion. On September 19, 2018, the district judge presiding over the appeal referred the vexatious litigant matter to the ADJ pursuant to Idaho Court Administrative Rule 59(c).

The ADJ reviewed Ms. Cook's litigation history and entered a proposed prefiling order declaring her a vexatious litigant on November 30, 2018. The ADJ entered the proposed order based on the following findings of fact:

1. On March 7, 2018, now representing herself, Ms. Cook failed to show for a pre-trial conference on her Motion for Contempt against Mr. Cook and her Petition for Divorce. The motion and petition had previously been filed by attorneys representing Ms. Cook. Ms. Cook was given notice of this date through the court's Order Setting Case and Scheduling Order filed on December 7, 2017, which had been provided to Ms. Cook's then attorney of record. . . . [T]he court entered an order striking the contempt documents and her petition for divorce. In this order, the court also stated it would enter default against the petitioner on Respondent's Answer and Counterclaim upon receipt of appropriate paperwork.

2. Thereafter, Mr. Cook filed a Notice of Intent to Take Default on March 16, 2018. Ms. Cook filed an Objection to the Order Striking Petitioner's Pleadings on March 19, 2018. Ms. Cook also filed an Objection to Respondent's Notice of Intent to take Default on March 19, 2018. Ms. Cook then filed a Motion for Order Shortening Time and Motion for Order Staying Proceedings on March 20, 2018. Ms. Cook's Order to Shorten Time was denied. Ms. Cook's objections were set for hearing on May 10, 2018, at which time the court denied her objections.

3. On March 27, 2018, Ms. Cook filed a Motion and Supporting Memorandum to Strike Notice of Attorney Fee Lien and Deny Judgment. [The motion was denied two days later.].

4. On January 23, 2017, Mr. Cook filed a contempt action against Ms. Cook alleging that on nine separate occasions she had refused to allow Mr. Cook visitation with their children. A trial was held on April 4, 2018, wherein Ms. Cook was found guilty of all nine counts of contempt. An order to this affect [sic] was entered on April 23, 2018, and [was on appeal at the time the ADJ made the vexatious litigant determination.]

5. A Status Conference and Sentencing on the Contempt were held on April 9, 2018, at which time Ms. Cook did not appear, despite having been in court when the sentencing date was scheduled.

2

6. A Court Trial was also held on April 9, 2018, pertaining to the modification case, at which time Ms. Cook did not appear at trial. Ms. Cook was given notice of this date through the court's Order Setting Case and Scheduling Order filed on December 7, 2017, which was provided to her attorney of record at the time.

7. On April 10, 2018, Ms. Cook filed a motion and supporting affidavit to disqualify [the presiding judge] after the trial had already occurred. Ms. Cook filed a Motion to Reset Trial and Request for Scheduling Order and Supporting Affidavit on April[] 16, 2018. The Court denied Ms. Cook's Motion to Disqualify and Motion to Reset Trial on April 17, 2018. Despite her motions being denied, Ms. Cook filed a Motion to Rule on the Motion to Disqualify for Cause and Request for Scheduling Conference on April 30, 2018. On April 30, 2018, Ms. Cook also filed a Motion to Reconsider and Reset Hearings. Ms. Cook then filed a proposed Order Shortening Time and Order Staying Further Proceedings or Judgments on May 1, 2018. This filing was related to her Motion to Disqualify for Cause and Request for Scheduling Conference previously filed on April 10, 2018[,] and April 16, 2018, respectively. On May 1, 2018, the Court denied the proposed order. On April 18, 2018, Ms. Cook filed a motion for New Trial on Contempt and Motion to Extend Time to Serve Affidavits and Amended Motion for New Trial. The Court denied her motions and signed the Contempt Order shortly thereafter.

8. On April 27, 2018, the Court signed the parties' Judgment and Decree of Divorce. [This judgment and decree were appealed and pending appellate review at the time the ADJ made the vexatious litigant determination.].

9. On April 27, 2018[,] Ms. Cook filed an Ex-Parte Motion to Strike Orders. The Court denied Ms. Cook's proposed Order Striking Orders of the Court Entered on April 17, April 23, and April 27, 2018. The order denying Ms. Cook's proposed order was entered on May 1, 2018. [This order was also pending appellate review at the time the ADJ made the vexatious litigant determination.].

10. On May 2, 2018, Ms. Cook filed a Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23 and April 27, 2018. At a hearing held on May 10, 2018, Ms. Cook made objections to the Notice of Default and the Order Striking [sic]. These motions were denied. [At the time the ADJ made the vexatious litigant determination, the denial of these objections was also pending appellate review.].

11. Ms. Cook filed an Ex-Parte Motion for Temporary Custody and supporting Affidavit on May 11, 2018. Ms. Cook also filed a Motion to Shorten Time to be heard which was denied. Thereafter, the Court denied this motion on May 16, 2018. On June 13, 2018[,] Ms. Cook filed a Notice to Vacate and Reset. No Motion or Supporting Affidavit was ever filed, and a hearing was never noticed up.

12. Ms. Cook then filed a Notice of Appeal on June 5, 2018. In the appeal, Ms. Cook listed the following pleadings that she was appealing:

a. Judgment of Conviction entered April 23, 2018.

b. Order Re: Contempt ordered on April 23, 2018.

c. Order of Award of Attorney's Fees and Costs, entered May 16, 2018.

d. Order Striking Orders of the Court [e]ntered on April 17, 2018, April 23, 2018, and April 27, 2018, which were denied on May 1, 2018.

e. Oral Ruling on Ms. Cook's Objection to Order Striking Petitioner's Pleadings pursuant to I.R.F.L.P. 444(8)(3), entered on March 16, 2018.

13. Mr. Cook was awarded attorneys fees in the contempt proceeding. An order and judgment [were] entered on May 16, 2018, and May 18, 2018, respectively. On June 11, 2018, Ms. Cook filed an objection and motion to strike, which was denied . . . .

14. Ms. Cook filed a Motion to Extend Time for Briefing Period on June 13, 2018. In this motion she mentions the Judgment and Decree of Divorce, but had not yet appealed the Judgment and Decree of Divorce.

15. Ms. Cook filed another Notice of Appeal on June 13, 2018, listing the Judgment and Decree of Divorce entered on April 27, 2018. [This appeal was still pending at the time the ADJ declared Ms. Cook a vexatious litigant.].

16. On July 6, 2018, Ms. Cook filed an Ex-Parte Motion for Temporary Orders. Ms. Cook set this for [a] hearing on July 12, 2018. Thereafter, Ms. Cook filed a Notice to appear telephonically which was denied. Ms. Cook then attempted to Shorten Time which the Court denied and vacated the hearing. The Ex-Parte Motion was never reset for hearing.

17. On July 6, 2018, Ms. Cook also filed a notice of hearing on the following motions: 1) Verified Motion for Possession of Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance; 2) Motion to Compel and Motion for Sanctions; 3) Motion to Reconsider and Reset Hearings; 4) Motion for Civil Judgment; 5) Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23rd and April 27th; 6) Objection and Motion to Strike. All of these Motions . . . were addressed prior to the Court entering the parties' Divorce Decree on April 27, 2018. Ms. Cook filed a Notice of Vacated Hearing on July 25, 2018.

18. Ms. Cook then filed another Notice of Hearing on July 25, 2018, and re-noticed up the following Motions: 1) Verified Motion for Possession of Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance; 2) Motion to Compel and Motion for Sanctions; 3) Motion for Civil Judgment. The hearing was originally set for August 23, 2018; however, Ms. Cook vacated the hearing on August 21, 2018[,] by way of Notice.

19. On August 10, 2018, Ms. Cook filed an Amended Notice of Hearing so that "all of the matters are now combined to be heard in one hearing rather than two." In the Amended Notice of Hearing, the petitioner lists:

a. Ex-Parte Verified Motion for Temporary Orders[;]

b. Motion to Compel and Motion for Sanctions;

c. Motion for Civil Judgment;

d. Motion to Reconsider and Reset Hearings[;]

e. Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23 and April 27, 2018;

f. Objection and Motion to Strike[;]

g. Verified Motion for Possession of Community Property Home for Sole Authority to Sell Community Property Home and Motion to Compel Mandatory Disclosures and to Provide Health Insurance.

On August 21, 2018, Ms. Cook vacated this hearing, pending action by a higher court. It is unclear what Ms. Cook meant by "shall be addressed following orders of the higher court," as none of these motions or objections are pending appeal.

20. Finally, on August 30, 2018, Ms. Cook filed a Verified Petition to Modify Custody and Child Support, along with a Notice of Hearing. The hearing was set for October 4, 2018. This was continued to December 6, 2018, pending the ADJ determination of a vexatious litigant.

The ADJ also noted that Ms. Cook had filed nine pro se civil protection orders under Idaho Code sections 39-6304, 39-6306, and 18-7907, all of which had been dismissed in favor of the parties from whom she sought protection.

The ADJ's proposed prefiling order determined that Ms. Cook was a vexatious litigant under Idaho Court Administrative Rule 59(d)(1), (2), and (3). The order allowed Ms. Cook fourteen days from its entry to file a response. The signed and dated certificate of service for the proposed prefiling order indicates that it was served upon Ms. Cook via U.S. mail on November 30, 2018. However, because the correct postage had not been paid, Ms. Cook did not actually obtain a copy of the order until December 6, 2018. On December 17, 2018, seventeen days after the proposed prefiling order was entered, the ADJ entered a final order declaring Ms. Cook a vexatious litigant and enjoining her from filing any new pro se litigation in Idaho without first obtaining leave of the court in which she intended to file.

Approximately one hour after entry of the final order, Ms. Cook filed a motion to extend time to submit a written response to the proposed prefiling order. The motion to extend time was denied. Nevertheless, Ms. Cook filed a response to the proposed prefiling order the next day. On December 31, 2018, Ms. Cook filed a motion for reconsideration of the order declaring her a

vexatious litigant and the denial of her motion to extend time. The ADJ denied Ms. Cook's motion for reconsideration on January 31, 2019.

## II. ISSUES ON APPEAL

1. Did the ADJ violate Ms. Cook's right to due process through improper service or by failing to provide Ms. Cook sufficient time to respond to the proposed prefiling order?

2. Did the ADJ abuse its discretion in declaring Ms. Cook a vexatious litigant pursuant to Idaho Court Administrative Rule 59?

## III. STANDARD OF REVIEW

This Court reviews vexatious litigant determinations for an abuse of discretion. *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013). The four-part *Lunneborg* standard is used to determine whether a lower court has abused its discretion. *Lunneborg v. My Fun Life*, 163 Idaho 856, 421 P.3d 187 (2018). Under that standard, this Court asks whether the court exercising discretion: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Id.* at 863, 421 P.3d at 194 (citation omitted). This Court exercises free review over issues of law. *Anderson v. Spalding*, 137 Idaho 509, 513, 50 P.3d 1004, 1008 (2002) (citing *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

## IV. ANALYSIS

Ms. Cook argues on appeal that the ADJ violated her right to due process by improperly serving the proposed prefiling order and entering the final prefiling order prematurely. Ms. Cook also argues that the ADJ abused its discretion in declaring Ms. Cook a vexatious litigant pursuant to Idaho Court Administrative Rule 59. We conclude that Ms. Cook was afforded adequate due process, but that the ADJ abused its discretion in declaring Ms. Cook a vexatious litigant.

### A. The ADJ did not violate Ms. Cook's right to due process.

Ms. Cook contends that the ADJ violated her right to due process by failing to properly serve her with the proposed prefiling order pursuant to Idaho Rule of Civil Procedure 2.3 and entering the final prefiling order prematurely, thus affording her inadequate time to respond to the proposed prefiling order. As an initial matter, we note that the Idaho Rules of Civil Procedure are not applicable to proceedings brought under Idaho Court Administrative Rule 59. *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013). Thus, the rules of civil procedure governing

service of process are not applicable to this case. Nonetheless, the primary thrust of Ms. Cook's argument is that she did not have adequate notice of, and an opportunity to respond to, the proposed prefiling order before it was entered by the ADJ. We conclude that Ms. Cook received adequate due process.

Due process of law is guaranteed by the Fourteenth Amendment of the U.S. Constitution. Before an individual can be deprived of a significant life, liberty, or property interest, procedural due process requires that she receive notice and have an opportunity to be heard. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001) (citations omitted). Due process is not rigid in nature. *Id.* "It 'is a flexible concept calling for such procedural protections as are warranted by the particular situation.'" *Id.* (quoting *Aberdeen–Springfield Canal Co. v. Peiper*, 133 Idaho 82, 91, 982 P.2d 917, 926 (1999)). The focus of a procedural due process inquiry is "determining whether the procedure employed is fair." *Telford*, 154 Idaho at 611, 301 P.3d at 269 (citation and quotation marks omitted). To that end, "[t]he procedure required is merely that to ensure that a person is not arbitrarily deprived of his or her rights." *Id.* (citing *Neighbors for a Healthy Gold Fork v. Valley Cnty.*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007)).

Assuming, without deciding, that Ms. Cook had a protected liberty or property interest in filing pro se litigation without permission from a court, we conclude that she was afforded adequate procedural protections to prevent the arbitrary deprivation of her interests. Idaho Court Administrative Rule 59(e) provides the procedure for declaring an individual a vexatious litigant and entering a prefiling order:

> If the administrative district judge finds that there is a basis to conclude that a person is a vexatious litigant and that a prefiling order should be issued, the administrative district judge shall issue a proposed prefiling order along with the proposed findings supporting the issuance of the prefiling order. The person who would be designated as a vexatious litigant in the proposed order shall then have fourteen (14) days to file a written response to the proposed order and findings. If a response is filed, the administrative district judge may, in his or her discretion, grant a hearing on the proposed order. If no response is filed within fourteen (14) days, or if the administrative district judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the administrative district judge may issue the prefiling order.

I.C.A.R. 59(e).

Ms. Cook argues that Rule 59(e) provided her with fourteen days from the time she received proper service of the proposed prefiling order to file a response. The Respondent

7

contends that the plain language of Rule 59(e) only requires that Ms. Cook be allowed fourteen days to respond from the time the ADJ entered the proposed prefiling order.

We need not decide today which interpretation of Rule 59(e) is correct. Even assuming Ms. Cook was not afforded the full fourteen days to respond contemplated by Rule 59(e), she was not prejudiced as a result. Ms. Cook acknowledged receiving actual notice of the proposed prefiling order at least eleven days before the final order was entered. Although she filed her response the day after the final order was entered, the ADJ ultimately considered Ms. Cook's response in ruling on her subsequent motion for reconsideration. The ADJ indicated as much in denying the motion to reconsider, stating, "[w]hile the procedural default of Ms. Cook's motion to reconsider provides adequate basis to deny the motion, the court will address her other arguments. Further, while her response was untimely filed on December 18, 2018, the court will address the arguments she made in that filing." The ADJ went on to discuss Ms. Cook's arguments in full. Thus, Ms. Cook received sufficient notice of the proposed prefiling order and any defect in the amount of time that she was given to file a response was remedied by the ADJ ultimately considering Ms. Cook's arguments at the motion for reconsideration stage. As such, Ms. Cook's right to due process was not violated.

**B. The ADJ abused its discretion in declaring Ms. Cook a vexatious litigant under Idaho Court Administrative Rule 59.**

As a preliminary matter, Ms. Cook argues that the ADJ abused its discretion by failing to apply legal standards used by the federal courts in making vexatious litigant determinations. Specifically, she points to requirements found in *Rose v. Idaho*, No. 1:15-cv-00491-EJL-REB, 2016 WL 4394155, at *7–9 (D. Idaho Aug. 15, 2016) and *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). However, those federal standards do not correspond with the requirements of Idaho Court Administrative Rule 59 and are inapplicable. *See In re Prefiling Order Declaring Vexatious Litigant*, 164 Idaho 771, 777, 435 P.3d 1091, 1097 (2019) (explaining that the standards followed by federal courts in making vexatious litigant determinations are inapplicable to Idaho courts). Therefore, we turn to Idaho Court Administrative Rule 59(d) to determine whether the ADJ abused its discretion in this case.

Rule 59(d) provides that an ADJ may determine that a person is a vexatious litigant on any of the following grounds:

> (1) In the immediately preceding seven-year period the person has commenced, prosecuted or maintained pro se at least three litigations, other than in the

small claims department of the magistrate division, that have been finally determined adversely to that person.

(2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, pro se, either (A) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

I.C.A.R. 59(d)(1)–(4). If an ADJ determines that a litigant meets one of these criteria, the judge may enter an order declaring the individual a vexatious litigant and "prohibiting [her] . . . from filing any new litigation in the courts of this state pro se without first obtaining leave of a judge of the court where the litigation is proposed to be filed." I.C.A.R. 59(c).

Here, the ADJ concluded Ms. Cook met the criteria to be declared a vexatious litigant under Idaho Court Administrative Rule 59(d)(1), (2), and (3). The ADJ undoubtedly recognized that vexatious litigant determinations are matters of discretion, stating, "[a]n ADJ's findings regarding whether a particular litigant is or is not a vexatious litigant is a matter that is within that judge's discretion." However, we conclude that the ADJ did not act consistently with applicable legal standards, thereby abusing its discretion in declaring Ms. Cook a vexatious litigant.

1. <u>The ADJ abused its discretion in declaring Ms. Cook a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d)(1).</u>

The ADJ first determined that Ms. Cook was a vexatious litigant as defined by Rule 59(d)(1) because she had initiated, pro se, more than three litigations within the past seven years that were finally determined adversely to her. Specifically, the ADJ identified nine actions for civil protection orders, brought pro se by Ms. Cook under Idaho Code sections 39-6304, 39-6306, and 18-7907, as having been finally determined adversely to her. Ms. Cook argues that the ADJ failed to review the merits and reason for dismissal in each civil protection action, causing the ADJ to conclude incorrectly that the final determinations were adverse to her.

9

To assess Ms. Cook's argument, we must first consider the meaning of "finally determined adversely to" as it is used in Idaho Code section 59(d)(1). This Court has defined "final" in this same context "as 'not requiring any further judicial action by the court that rendered judgment to determine the matter litigated.'" *Telford v. Nye*, 154 Idaho 606, 611, 301 P.3d 264, 269 (2013) (quoting *Final*, Black's Law Dictionary (9th ed. 2009)). We have further defined an action as "finally determined" when "all of the issues are disposed of." *Id.* (citations omitted). "Adverse" means "against; opposed (to)" or "having an opposing or contrary interest, concern, or position." *Adverse*, Black's Law Dictionary (11th ed. 2019). Therefore, a litigation is "finally determined adversely to" a party when it has been decided against that party's interest or position, all of the issues have been disposed of, judgment has been entered, and no further judicial action is required.

Although the Idaho Rules of Civil Procedure are not applicable to proceedings under Idaho Court Administrative Rule 59, *Telford*, 154 Idaho at 610, 301 P.3d at 268, the requirement that a court's judgment be supported by sufficient factual findings is still applicable in the context of vexatious litigant proceedings. Some of this Court's earliest cases, predating the Idaho Rules of Civil Procedure, hold that a judgment must be supported by sufficient factual findings. *See, e.g.*, *Bowman v. Ayers*, 2 Idaho 282, 13 P. 346 (1887) (reversing a judgment because it was not supported by sufficient factual findings); *Ponting v. Isaman*, 7 Idaho 581, 588, 65 P. 434, 436 (1901) ("It is elementary that the findings of fact must support the judgment, and, if not, the judgment must be reversed."). To that end, this Court's more recent cases on factual findings made by courts pursuant to Idaho Rule of Civil Procedure 52(a) are equally instructive in the present context.

The purpose of requiring that a judgment be supported by sufficient factual findings is to provide the appellate court with "a clear understanding of the basis of the trial court's decision, so that it might be determined whether the trial court applied the proper law to the appropriate facts in reaching its ultimate judgment." *Akers v. Mortensen*, 147 Idaho 39, 44, 205 P.3d 1175, 1180 (2009) (discussing factual findings made pursuant to Idaho Rule of Civil Procedure 52(a)). Such findings of fact "should be clear, coherent, and complete while avoiding an unnecessary review of the evidence." *Id.* at 44–45, 205 P.3d at 1180–81 (citing *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000)).

Here, in concluding that the civil protection actions had been finally determined adversely to Ms. Cook, the ADJ simply listed the docket number for each case and indicated that each had been dismissed in favor of the other party. However, the ADJ's written decision does not include an explanation of how the ADJ determined that Ms. Cook's petitions for civil protection orders had been finally determined adversely to her.[1] The ADJ did not make a factual finding as to whether the petitions had been dismissed with or without prejudice. Nor did the ADJ indicate why Ms. Cook's petitions were dismissed by the magistrate court.

Litigations, including petitions for civil protection orders, can be dismissed for a variety of reasons. For example, they could be dismissed because the case was finally decided on the merits, for procedural reasons, because the parties stipulated to dismissal, or because the plaintiff voluntarily had the case dismissed. Although the language of Rule 59(d)(1) does not require an in-depth review of the merits of a dismissed litigation before concluding that it was finally determined adversely to a party, it is incumbent upon the ADJ to make sufficient factual findings regarding the underlying litigation to demonstrate that its dismissal was adverse to the party in question.

The Respondent argues that it was Ms. Cook's responsibility to include proof in the record on appeal that the litigations in question were not finally determined adversely to her because the appellant bears the burden of providing an adequate record for review. The Respondent is correct that the appealing party bears the burden of ensuring that the Court is provided with a sufficient record to review the decision being appealed. *Gibson v. Ada Cnty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003). However, regardless of the sufficiency of the record on appeal, the issue here is that the ADJ failed to support the determination with sufficient findings of fact. Therefore, we are prevented from reviewing the ADJ's decision under Rule 59(d)(1), not because the record on appeal is deficient, but because the ADJ failed to make "clear, coherent, and complete" findings of fact so as to provide this Court with "a clear understanding of the basis" of her decision. *See Akers*, 147 Idaho at 44–45, 205 P.3d at 1180–81.

The ADJ's failure to make sufficient factual findings to support the conclusion that the petitions were finally determined adversely to Ms. Cook was inconsistent with applicable legal

---

[1] The ADJ also discussed the civil protection order petitions in its order denying Ms. Cook's motion for reconsideration. However, in doing so, the ADJ did not elaborate on how it concluded the dismissed petitions had been finally determined adversely to Ms. Cook. Instead, the ADJ explained that the element was met "[f]or reasons discussed in [the] prefiling order . . . ."

11

standards. As such, the ADJ abused its discretion in declaring Ms. Cook to be a vexatious litigant pursuant to Rule 59(d)(1).

 2. The ADJ abused its discretion in declaring Ms. Cook a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d)(2).

The ADJ determined that Ms. Cook was a vexatious litigant as defined by Rule 59(d)(2) because Ms. Cook attempted to relitigate issues already decided by the district court. Specifically, the ADJ identified the objections and motions filed by Ms. Cook in her divorce case on July 6, 2018, and July 25, 2018, as the most apparent examples of Ms. Cook attempting to relitigate issues already decided by the district court.

As explained above, Rule 59(d)(2) permits an ADJ to declare an individual to be a vexatious litigant where the individual "repeatedly relitigate[s] or attempt[s] to relitigate, pro se, either (A) the validity of [a final] determination against the same defendant . . . or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant." I.C.A.R. 59(d)(2).

As an initial matter, we note that Ms. Cook's filings on July 6, 2018, and July 25, 2018, were merely notices filed to set hearings on several motions. Filing a notice of hearing is not an attempt to relitigate an issue that has already been decided. Rather, the question is whether the motions and objections themselves were attempts to relitigate the validity of a final determination or issues of fact or law that had already been decided. We conclude that the ADJ failed to make sufficient factual findings as to this issue to support the determination that Ms. Cook was a vexatious litigant under Rule 59(d)(2).

As already discussed, it is incumbent upon an ADJ to support a determination that someone is a vexatious litigant with sufficient findings of fact. Here, the ADJ listed the titles of each motion or objection filed by Ms. Cook and indicated that each had been "addressed prior to the [magistrate court] entering the parties' Divorce Decree on April 27, 2018." Based upon these facts, the ADJ concluded that Ms. Cook had attempted to relitigate issues that had already been decided. The ADJ did not describe the contents of any of Ms. Cook's motions or explain how it determined that they had already been ruled upon by the magistrate court. With the exception of Ms. Cook's "Motion to Set Aside and Grant Relief from Orders and Judgment Entered on April 23rd and April 27th," which was addressed by the magistrate court on May 10, 2018, the ADJ did not explain when the motions and objections noticed by Ms. Cook on July 6, 2018, were denied or otherwise addressed by the magistrate court. Nor did the ADJ make factual findings as

to whether Ms. Cook's motions and objections were substantively the same as previously filed motions or objections that were denied.

Furthermore, the ADJ did not make factual findings as to which rules of civil procedure, if any, Ms. Cook's motions were brought under. Motions brought under Idaho Rules of Civil Procedure 11.2(b), 59, or 60, for example, are valid means of requesting that a court reconsider a decision, grant a new trial, or grant relief from a final judgment. *See* I.R.C.P. 11.2(b), 59, 60. We can discern very little from the titles of the filings and the conclusory finding that they had already been addressed by the magistrate court. In sum, the ADJ's conclusory findings of fact were not sufficient to support the determination that Ms. Cook repeatedly attempted to relitigate issues already finally decided by the magistrate court. As such, the ADJ failed to exercise its discretion consistent with applicable legal principles, and therefore, abused its discretion in declaring Ms. Cook to be a vexatious litigant under Rule 59(d)(2).

3. The ADJ abused its discretion in declaring Ms. Cook a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d)(3).

The ADJ determined that Ms. Cook was a vexatious litigant as defined by Rule 59(d)(3) because she repeatedly filed unmeritorious motions, pleadings, and other papers, and "engaged in tactics solely intended to cause unnecessary delay by filing frivolous motions and objections and then vacating hearings never to reset them." In support of this conclusion, the ADJ referenced numerous motions in the divorce proceedings as well as the petitions for protective orders. However, the ADJ's memorandum decision does little to help this Court assess how these motions were frivolous or filed for the sole purpose of causing unnecessary delay. For instance, the ADJ pointed to a notice of appeal filed by Ms. Cook indicating that she was appealing several of the district court's prior rulings. A party may appeal certain decisions from a district court as a matter of right, and, because that appeal was still pending at the time the proposed prefiling order was entered, the merit of Ms. Cook's appeal had yet to be decided. As such, we fail to see how such a filing could be determined frivolous or unmeritorious by the ADJ.

The ADJ also supported the decision with reference to an "Ex-Parte Motion for Temporary Orders" filed by Ms. Cook in her divorce case. While the content of this order was not included in the record on appeal, temporary restraining orders are a legitimate means under Idaho Rule of Civil Procedure 65(b) of preventing "immediate and irreparable injury, loss, or damage" from occurring. I.R.C.P. 65(b)(1). The ADJ does not explain whether the motion was brought under this rule and failed to articulate how or why this motion was frivolous. However,

13

the ADJ notes that after the motion was set for a hearing, Ms. Cook filed a request to appear telephonically, which was denied, followed by a motion to shorten time, which was also denied. The hearing was subsequently vacated by the district court and was never rescheduled. Although we cannot determine based upon the record before us why the district court denied her request to appear telephonically or her motion to shorten time, it appears that Ms. Cook had a conflict which prevented her from appearing in person on the scheduled hearing date. If that were true, the motions attempting to remedy that conflict would not be frivolous. Nor are we prepared to conclude that a motion, the merits of which were never considered by the district court presiding over the case, nor reviewed by the ADJ, was frivolous.

Likewise, the ADJ points to a Verified Petition to Modify Custody and Child Support filed by Ms. Cook. However, the hearing on that petition was continued pending the ADJ's vexatious litigant determination. We struggle to see how a petition that has not been heard on its merits can be found frivolous or unmeritorious for the purposes of determining whether Ms. Cook is a vexatious litigant.

Furthermore, Ms. Cook set several motions for a hearing on July 25, 2018, only to vacate the hearing two days before the motions were scheduled to be heard. The ADJ explained that these motions were merely attempts to relitigate issues already addressed prior to entry of the divorce decree. However, the ADJ did not include any facts to explain how those issues had already been resolved, nor did the ADJ explain how they were similar to motions that had already been decided. In fact, the ADJ's analysis contains almost no discussion of the substance of Ms. Cook's motions. A lengthy exposition on the substance of a litigant's motions is by no means necessary to make a determination that they were frivolous or unmeritorious. However, an order declaring a litigant vexatious under Rule 59(d)(3) and imposing prefiling restrictions requires some discussion of the underlying merits of a claim or motion before finding as such. Therefore, we conclude that the ADJ did not make sufficient findings to support the conclusion that Ms. Cook's filings were frivolous, unmeritorious, or filed with the intent to cause unnecessary delay. Accordingly, we hold that the ADJ abused its discretion in declaring Ms. Cook a vexatious litigant pursuant to Rule 59(d)(3). In sum, the ADJ abused its discretion in declaring Ms. Cook to be a vexatious litigant pursuant to Idaho Court Administrative Rules 59(d)(1)–(3). As such, we reverse the prefiling order and remand to allow the ADJ the opportunity to reconsider this matter in light of today's opinion.

14

## V.    CONCLUSION

Based on the foregoing, the prefiling order declaring Ms. Cook a vexatious litigant is reversed and the case remanded for further proceedings consistent with this opinion.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER **CONCUR.**