# IN THE SUPREME COURT OF THE STATE OF IDAHO

**Docket No. 46652**

Re: Praveen Kevin Khurana, A
Vexatious Litigant, pursuant to I.C.A.R. 59.
-------------------------------------------------------

PRAVEEN KEVIN KHURANA,

   Vexatious Litigant-Appellant,

v.

IDAHO DEPARTMENT OF HEALTH
AND WELFARE,

   Movant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2021 Term

Opinion Filed: June 10, 2021

Melanie Gagnepain, Clerk

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Jay P. Gaskill, District Judge.

The order of the district court is <u>affirmed.</u>

Praveen Kevin Khurana, Lewiston, Pro Se, Appellant.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Daphne J. Huang argued.

_____

BURDICK, Justice.

This is a vexatious litigant case. Praveen Khurana appeals from an administrative order entered by the Administrative District Judge ("ADJ") for the Second Judicial District declaring him to be a vexatious litigant pursuant to Idaho Court Administrative Rule 59. The order prohibits Khurana from filing any new pro se litigation in the state of Idaho without first obtaining leave of the court where the litigation is proposed to be filed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

From approximately 2011 to the beginning of 2018, Khurana was party to seven actions, each of which he filed pro se. In March 2018, the ADJ for the Second Judicial District was asked to declare Khurana a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d)(1). The ADJ was only able to determine that two of the seven pro se litigations filed by Khurana in

1

the last seven years had been finally determined adversely to him. Ruling that three such litigations were required to declare Khurana a vexatious litigant pursuant to Rule 59(d)(1), the ADJ declined to do so. At that time, the ADJ warned Khurana that he was "walking a fine line and should he continue in the same manner, a finding of vexatious litigant is to be expected in the future."

In November 2018, the Idaho Department of Health and Welfare ("Department") filed a motion with the district court requesting that Khurana be declared a vexatious litigant pursuant to Rule 59(d). At the time, the Department was engaged in two separate litigations against Khurana, a Medicaid estate recovery action ("Medicaid action") and a child support enforcement action. Attached to the Department's motion was an order from the Court of Queen's Bench Alberta, a Canadian court, declaring Khurana a vexatious litigant and restricting his access to Alberta's courts.

Shortly thereafter, the ADJ reviewed Khurana's litigation history and entered a proposed prefiling order on November 28, 2018. In its proposed prefiling order, the ADJ gave notice of its intent to designate Khurana a vexatious litigant. Khurana timely objected to the proposed prefiling order and the ADJ held a hearing on the matter. After the hearing, the ADJ entered a final prefiling order declaring Khurana a vexatious litigant pursuant to Rule 59(d)(2)–(4) and requiring him to seek leave of the court before filing any new pro se litigations. In the final prefiling order, the ADJ made the following relevant findings of fact:

> Mr. Khurana is currently in litigation in Nez Perce County Case CV-2017-1230. This case is a Medicaid estate recovery action where summary judgment was granted in favor of the Department in April 2018. Mr. Khurana has appealed the determination of the Court; however, in addition, he filed a plethora of motions including: motions for relief from judgment, for stay, to vacate and reset hearing, to dismiss and for summary judgment, in limine, for counter and cross claims and jury trial, and to consolidate the foregoing case with Mr. Khurana's petition for judicial review of the Department Director's decision concerning child support. The multitude of filings following the order on summary judgment seek to relitigate not only the summary judgment issue in the Medicaid estate recovery action, but also seek to relitigate other issues, such as the child support issue, that are not relevant to the case whatsoever.
>
> In CV35-18-1194, Mr. Khurana filed a petition for judicial review of the Department Director's decision regarding a child support enforcement action based upon the child support order by the Court of Queen's Bench, Alberta, Edmonton, Canada. The Petition was filed on July 2, 2018. Within this action, Mr. Khurana filed several motions which [sic] were not relevant to the petition for judicial review of the Department Director's decision. These motions included

2

objecting to the record, compelling production of documents to add to the record, asking to reconsider the denial of an augmented record, and again asking to augment the record. The repetitive motions essentially repeated the same arguments and none of the motions were granted in favor of Mr. Khurana. The Court allowed Mr. Khurana additional time to complete his brief in support of the petition for judicial review, however, Mr. Khurana failed to file the brief and ultimately the petition was dismissed by the Court.

With respect to both CV-2017-1230 and CV35-18-11[9]4, the records are replete with summonses, motions, and requests for discovery that are persistent and unreasonable. The repetitive motions lack good faith or legal basis and they impose an unacceptable burden on judicial personnel and resources and impede the normal and essential functioning of the judicial process. In CV-2017-1230, two months after summary judgment was granted, Khurana filed summonses against the following parties: the Idaho Secretary of State, Deputy Attorney General Douglas Fleenor and spouse, Chief Deputy Attorney General Nicole McKay and spouse, the Idaho State Police, Richard Adamson, Jr. and spouse, Richard Adamson, Sr. and spouse, Jane Doe Sulema and spouse, and Department Child Support Program Bureau Chief Robert Rinard and spouse, Department Child Support Program Manager Cade Hulbert and spouse, and Deputy Attorney General Daphne Huang and spouse. The summonses are irrelevant to the estate recovery action; some appear to be related to Khurana's child support obligation.

Khurana [has] been designated as a vexatious litigant by the Court of Queen's Bench Alberta, Judicial District of Edmonton, Canada. The order was pronounced on September 28, 2018.

Khurana timely appealed the ADJ's order declaring him a vexatious litigant.

## II.     ISSUE ON APPEAL

Did the ADJ abuse its discretion in declaring Khurana a vexatious litigant pursuant to Idaho Court Administrative Rule 59?

## III.     STANDARD OF REVIEW

An ADJ's determination that an individual is a vexatious litigant is reviewed for an abuse of discretion. *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013). This Court applies the four-part *Lunneborg* standard when reviewing a decision for an abuse of discretion. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 421 P.3d 187 (2018). Under that standard, we ask whether the lower court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Id.* at 863, 421 P.3d at 194 (citation omitted). This Court does not set aside factual findings unless they are clearly erroneous. *In re Prefiling Order Declaring Vexatious Litigant*, 164 Idaho 771, 776, 435 P.3d 1091, 1096 (2019) (citation omitted). "Findings of fact are not clearly erroneous if they

3

are supported by substantial and competent evidence." *Id.* (citing *Hull v. Giesler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)). Finally, "[t]his Court adheres to the rule that persons acting *pro se* are held to the same standards and rules as those represented by attorneys." *Id.* (quoting *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006)) (italics in original).

## IV.     ANALYSIS

As a preliminary matter, Khurana makes several arguments based upon legal standards used by the federal courts in making vexatious litigant determinations. Specifically, he argues that the ADJ was required to make substantive findings regarding the frivolous or harassing nature of his actions pursuant to *In re Powell*, 851 F.2d 427 (D.C. Cir 1988). He further argues that the ADJ's prefiling order is not narrowly tailored as required under *Sires v. Gabriel*, 748 F.2d 49 (1st Cir. 1984) and *Moy v. United States*, 906 F.2d 467 (9th Cir. 1990). However, we recently reiterated that the federal standards governing vexatious litigant determinations "do not correspond with the requirements of Idaho Court Administrative Rule 59 and are inapplicable" to vexatious litigant determinations in Idaho. *In re Cook*, ___ Idaho ___, 481 P.3d 107, 114 (2021). Rather, Idaho Court Administrative Rule 59(d) governs vexatious litigant determinations in Idaho. *See id.*

### A. The ADJ acted within its discretion in declaring Khurana to be a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d).

Under Rule 59(d), an individual can be declared a vexatious litigant on four possible grounds:

(1) In the immediately preceding seven-year period the person has commenced, prosecuted or maintained pro se at least three litigations, other than in the small claims department of the magistrate division, that have been finally determined adversely to that person.

(2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, pro se, either (A) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

4

I.C.A.R. 59(d)(1)–(4). If a litigant meets any of these four criteria, an ADJ may enter a prefiling order declaring him a vexatious litigant and prohibiting the "vexatious litigant from filing any new litigation in the courts of this state pro se without first obtaining leave of a judge of the court where the litigation is proposed to be filed." I.C.A.R. 59(c).

In this case, the ADJ concluded in its final prefiling order that Khurana met the criteria to be declared a vexatious litigant under Idaho Court Administrative Rule 59(d)(2), (3), and (4). The ADJ recognized that the vexatious litigant determination was a matter of its discretion, stating, "[t]he determination of whether a person is a vexatious litigant is [reviewed under] an abuse of discretion standard." Furthermore, the ADJ acted within the bounds of its discretion, entering a prefiling order as permitted by Rule 59(c). As such, the remaining questions are whether the ADJ acted consistently with applicable legal principles and reached its decision by the exercise of reason.

1. <u>The ADJ acted within its discretion in declaring Khurana to be a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d)(2).</u>

As discussed above, Idaho Court Administrative Rule 59(d)(2) allows an ADJ to declare an individual a vexatious litigant when the individual has "repeatedly relitigated or attempted to relitigate, pro se, either (A) the validity of [a final] determination against the same defendant . . . or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant." I.C.A.R. 59(d)(2).

Here, the ADJ reasoned that Khurana was a vexatious litigant as defined under Rule 59(d)(2) because he "repeatedly attempted to relitigate a prior child support ruling" and other issues in both the Medicaid action and the child support enforcement action. With respect to the child support enforcement action, the ADJ identified four unmeritorious motions, which "essentially repeated the same arguments," as attempts to relitigate an issue that was not relevant to Khurana's petition for judicial review. The ADJ also listed a "plethora of motions" filed by Khurana in the Medicaid action after summary judgment had been granted against him. Those motions included: a motion for relief from judgment, a motion to stay the proceedings, a motion to vacate and reset a hearing, a motion to dismiss and for summary judgment, a motion in limine, counter and cross claims, a jury trial demand, and a motion to consolidate the Medicaid action with a petition for judicial review of the Department's decision in the child support enforcement action. The ADJ found the motions to be attempts to relitigate not only the issue of summary

judgment, but also the ruling from the child support enforcement action, which was irrelevant to the Medicaid action.

Khurana argues on appeal that the motions filed by him were not repetitive in nature and were otherwise necessary to defend himself in both actions. In other words, Khurana challenges the ADJ's factual findings that his numerous motions were repetitive attempts to relitigate issues that had already been decided. However, because neither party included any of the motions in the record on appeal, we will not override the ADJ's factual findings in that regard.

The burden is on the appealing party to ensure that this Court is supplied with an adequate record to review the decision appealed from. *Gibson v. Ada Cnty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) (citations omitted). Furthermore,

> [w]hen a record or exhibit not included in the record on appeal is unavailable to the party who wishes to make it part of the record for appeal, it is incumbent on that party to move the district court, or petition this Court, to order augmentation of the record on appeal with the relevant record(s) or exhibit(s).

*Id.* (citing *State v. Hosey*, 134 Idaho 883, 888, 11 P.3d 1101, 1106 (2000)). This Court will not presume error from a "silent record or from the lack of a record." *Id.* (quotation and citation omitted). Rather, "[w]hen a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court." *Id.* (citing *Orthman v. Idaho Power*, 134 Idaho 598, 603, 7 P.3d 207, 212 (2000)).

Although neither party cites to our recent decision in *In re Cook*, we briefly discuss that case to distinguish it from the present case. In *Cook*, we reversed a vexatious litigant determination on the grounds that the ADJ failed to make sufficient findings of fact to support its decision. ___ Idaho at ___, 481 P.3d at 116–18. There, in discussing Rule 59(d)(2), the ADJ listed a number of motions filed by Cook, indicated the dates on which they were filed, and concluded that they had already been ruled upon by the district court. *Id.* at ___, 481 P.3d at 117. The ADJ made no findings regarding when the motions had previously been ruled upon or whether they were substantively the same as motions that had already been addressed. *Id.* Thus, the crux of our decision was not that the ADJ's factual findings were not supported by substantial and competent evidence, but that the ADJ failed to make sufficient factual findings to support its decision in the first place. *Id.*

Here, the ADJ made sufficient factual findings to support its decision that Khurana was a vexatious litigant under Rule 59(d)(2). The question, rather, is whether the ADJ's findings of fact

6

are supported by substantial and competent evidence. Without the ability to review the contents of the motions in question, we presume that they support the ADJ's findings of fact. As such, the ADJ's findings of fact are not clearly erroneous.

Finally, Khurana argues that employees of the Department have violated his constitutional rights by enforcing a child support order against him. However, he does not specify which of his constitutional rights were violated. Furthermore, the Department's conduct in enforcing a child support order against Khurana has no bearing on whether he is a vexatious litigant under Idaho Court Administrative Rule 59(d). Although it could not have factored into the ADJ's analysis below, and does not ultimately influence our decision, Khurana's argument on appeal that the Department violated his constitutional rights serves as merely another example of his continued efforts to relitigate the child support issue from below.

In sum, the ADJ, acted consistently with Rule 59(d)(2) and reached its decision by the exercise of reason when it declared Khurana to be a vexatious litigant based upon the evidence before it. As such, the ADJ did not abuse its discretion in declaring Khurana a vexatious litigant pursuant to Rule 59(d)(2). Because we affirm under Rule 59(d)(2), we need not reach the ADJ's decision to declare Khurana to be a vexatious litigant pursuant to Rules 59(d)(3) and (4).[1]

## V. CONCLUSION

Based upon the foregoing, the ADJ's final prefiling order declaring Khurana a vexatious litigant and prohibiting him from filing any new litigation pro se in the state of Idaho without first obtaining leave of the court where the litigation is proposed to be filed is affirmed. Costs are awarded to the Department.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and Justice Pro Tem TROUT **CONCUR.**

---

[1] Although this case has been decided on other grounds, we note that the plain language of Rule 59(d)(4) applies only to individuals who have been declared a vexatious litigant by a "state or federal court of record."

7