**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48527**

| | |
|---|---|
| In the Interest of:  Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| Petitioner-Respondent, | ) ) ) |
| v. | ) ) |
| JANE DOE (2020-55), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed:  March 31, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Douglas G. Abenroth, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Clayne S. Zollinger, Jr., Burley, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

GRATTON, Judge

Jane Doe appeals from the judgment terminating her parental rights to her minor child.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose after the Idaho Department of Health and Welfare (Department) received a referral complaint in May 2019, alleging unsanitary conditions and drug use in Doe's home with her child, born June 2018, to present.  A caseworker made a home visit along with law enforcement and found no safety issues or unsanitary conditions.  During the visit, the caseworker informed Doe of the complaint referred to the Department, and Doe denied any substance abuse issues.  The caseworker ordered a hair follicle drug test of Doe, which returned positive for methamphetamine.

1

After Doe's positive result, a test was ordered for her child which also returned positive for methamphetamine and amphetamine at levels indicating that the child had ingested the substances.

Doe's child was placed into protective custody in June 2019. In August 2019, a case plan was adopted which required that Doe provide a safe and sanitary home, submit to random drug tests, undergo drug treatment, complete a parenting class, and show that she could provide for the needs of her child. In January 2020, the magistrate court ordered that reunification efforts cease after finding that Doe failed to comply with the case plan and that there were aggravating circumstances due to Doe's parental rights over another child being terminated in a prior case. In October 2020, the court held a termination hearing and terminated Doe's parental rights. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater

quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe raises two issues on appeal. First, Doe claims that she was denied due process when the magistrate court ordered that reunification efforts cease four months after adopting the case plan. Second, Doe argues that the court erred in terminating her parental rights while she was in substantial compliance with the case plan. We address each of these contentions below.

### A. Due Process

Doe argues that her right to due process was violated when the court ordered that reunification efforts cease four months after adopting the case plan, which she argues was an accelerated pace and allowed the Department to cease making reasonable efforts to reunite her with her child. Doe further claims that rather than assisting her with her case plan, the Department displayed animosity toward her.

Due process of law is guaranteed by the Fourteenth Amendment of the United States Constitution. Before an individual can be deprived of a significant life, liberty, or property interest, procedural due process requires that she receive notice and have an opportunity to be heard. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001). Due process is not rigid in nature. *Id*. "It is a flexible concept calling for such procedural protections as are warranted by the particular situation." *Id*. The focus of a procedural due process inquiry is "determining whether the procedure employed is fair." *Telford v. Nye*, 154 Idaho 606, 611, 301 P.3d 264, 269 (2013). To that end, "[t]he procedure required is merely that to ensure that a person is not arbitrarily deprived of his or her rights." *Id*.

While Doe asserts that the magistrate court's order violated her right to due process, she does not identify what about the procedures followed in her case deprived her of her rights. Doe did not appeal any of the orders of the magistrate court in the underlying Child Protection Act case. Doe claims that the case operated at an accelerated pace compared to other child protection cases,

3

but provides no legal argument or authority as to how that fact deprived her of due process. At the January hearing which resulted in the order, Doe's attorney was present and the magistrate court considered her lack of compliance with the case plan up to that point, along with aggravating circumstances and the efforts of the Department. Doe makes no argument that any of this conduct was improper. Instead, Doe argues that she did not have an opportunity to complete her required parenting classes before the hearing, and that the Department displayed animosity toward her in a separate case. However, Doe had already fallen short on her case plan in other areas at the time of the hearing, including positive drug tests and a lack of visits. Moreover, Doe still had the opportunity to complete the parenting class after the court's order and failed to do so. Doe also provides no legal argument that ties her claims of the Department's animosity to a violation of due process. Because Doe does not identify any violations of her right to due process, her argument fails.

As to Doe's argument concerning a lack of reasonable efforts from the Department, the Department's efforts at reunification and aiding a parent with a case plan are not relevant on appeal of the termination of parental rights. *In Re Doe*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019). Therefore, this argument also fails.

## B. Termination of Parental Rights

Doe next argues that the magistrate court erred in terminating her parental rights when she was in substantial compliance with the case plan. Statutory grounds for termination of parental rights include: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) inability to discharge parental responsibilities for a prolonged period, which will be injurious to the health, morals, or well-being of the child; or (e) incarceration for a substantial period of time during the child's minority. I.C. § 16-2005. Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

The statutory ground found by the court in this case was neglect. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide

4

them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In terminating Doe's parental rights, the magistrate court found that Doe had neglected her child by failing to complete her case plan. This included use of illegal substances, testing positive in seven of nine drug tests (counting missed tests as positives), failure to provide for financial support or basic needs of her child, failure to provide stable housing for a period of six months, missing or being inattentive at visits with her child, failure to update her contact information or whereabouts with the Department, failure to complete an application with Vocation Rehabilitation, failure to complete a mental health assessment, failure to provide proper parental care or control, failure to attend doctor visits or other meetings involving her child, and failure to understand her own role in the circumstances that placed her child in the custody of the Department. In total, the court found that Doe failed to complete at least sixteen of the twenty tasks required by her case plan. The court found this constituted neglect as a result of Doe's conduct and omissions.

Doe argues that she substantially complied with her case plan because she completed substance abuse treatment, her most recent drug tests were negative, she found stable housing with the grandmother of one of her children, she obtained employment, and she attended 46 of 66 scheduled visits with her child. Further, Doe argues that her failure to complete her parenting class was due to the change in format to Zoom meetings after the spread of COVID-19. The magistrate court considered these factors when it terminated Doe's parental rights. The court acknowledged that Doe completed substance abuse treatment, and that her most recent drug tests were negative. However, the court's finding that Doe failed to stop using illegal substances, as required by her case plan, is supported by the fact that Doe failed seven of the nine tests during the period in which her child was in the custody of the Department. As to housing, the court did not consider Doe's housing to be stable, as she was not paying for her own housing and supporting herself. Further, even if the court had found that Doe's housing was stable, Doe had not maintained it for six months, as required by her case plan. Prior to living at her current address, Doe lived in multiple different homes for short periods, including a period of homelessness. As to employment, the court considered the paystubs that showed Doe had been employed for a time at a sugar company

5

and the testimony indicating that she had also been employed at Arby's for a period of time. However, the court found, and Doe admits, that she did not provide paystubs or other documentation required by her case plan verifying her employment in order to show that she could provide for her child's needs. The court also considered Doe's improvement at visitation, but ultimately concluded that the twenty missed visits, along with the need for the Department's support to assure she remained attentive during her visits, meant that she fell short on this requirement. Finally, while Doe's failure to complete her parenting class via Zoom may have been understandable under the circumstances, the evidence presented showed that Doe was able to attend the classes without issue if reminded regularly and that, even after given multiple chances, Doe failed to attend any make up classes. Clear and convincing evidence supports the magistrate court's finding of neglect.

Because Doe does not challenge the magistrate court's finding that termination is in the best interests of the child, she has waived any challenge to the best interest determination. Therefore, we affirm the magistrate court's termination of Doe's parental rights.

## IV.

## CONCLUSION

The record provides substantial and competent evidence to support the magistrate court's findings and conclusions that Doe neglected her child and Does has waived any challenge to the magistrate court's determination that termination is in the child's best interests. Additionally, Doe has failed to show any violations of her right to due process. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.